FILED IN MY OFFICE
DISTRICT COURT CLERK
12/30/2016 4:34:05 PM
James A. Noel
Patricia Serna

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**HELEN BHASKER,**                                      No. _____ D-202-CV-2017-00024 _____

**Plaintiff,**

**vs.**

**KEMPER CASUALTY INSURANCE COMPANY,**
**UNITRIN SPECIALTY FINANCIAL INDEMNITY COMPANY,**
**FINANCIAL INDEMNITY COMPANY,**
**ELITE FINANCIAL INSURANCE, and**
**NOELIA LUNA SUCET**

**Defendants.**

## CLASS ACTION COMPLAINT FOR BREACH OF STATUTORY, COMMON LAW, AND CONTRACTUAL DUTIES

Plaintiff Helen Bhasker, for herself and on behalf of the class defined herein, through her counsel, for her Complaint, states as follows:

1.       This action arises out of an automobile insurance policy issued to Plaintiff, and policies issues to New Mexico citizens similarly situated, by Defendant Kemper Casualty Insurance Company and its successors, subsidiaries, sister companies, related companies, agents, and other necessary parties, including, but not limited to Unitrin Specialty Financial Indemnity Company, Financial Indemnity Company, Elite Financial Insurance, Noelia Luna Sucet, and John/Jane Doe Agents (hereinafter collectively referred to as "Defendants").

2.       This action involves the underinsured motorist bodily injury ("UIM") insurance coverage sold by Defendants and made available to Plaintiff and similarly situated persons pursuant to polices of insurance, issued by the Defendants, and purchased by Plaintiff and those similarly situated.

1

3. Defendants failed to extend the UIM coverage to their insureds (in whole or in part) in accordance with the requirements of applicable New Mexico law, and/or they denied claims for the benefits of that coverage.

## I.   **JURISDICTION AND VENUE:**

4. Plaintiff is now and was at all times material to this Complaint a resident of Bernalillo County.

5. At all times material, Plaintiff was covered by a policy of automotive insurance issued by Defendants, which provided her with UIM coverage for injuries and damages described herein.

6. At all times material, Defendant Kemper Casualty Insurance Company was a foreign corporation conducting business, including the sales and solicitations for the sales of insurance policies, throughout the State of New Mexico. Service of process is upon its registered agent, the Office of Superintendent of Insurance, in the ordinary course of business.

7. Defendant Unitrin Specialty Financial Indemnity Company is a foreign corporation conducting business, including the sales and solicitations for the sales of insurance policies, throughout the State of New Mexico. Service of process is upon its registered agent, the Office of Superintendent of Insurance, in the ordinary course of business.

8. Defendant Financial Indemnity Company is a foreign corporation conducting business, including the sales and solicitations for the sales of insurance policies, throughout the State of New Mexico. Service of process is upon its registered agent, the Office of Superintendent of Insurance, in the ordinary course of business.

9.      Defendant Elite Financial Insurance is a New Mexico Corporation.  It conducts business, including sales and solicitation for sales of Kemper Insurance policies throughout the State of New Mexico.  Elite Financial Insurance's principal place of business is located at 1013 Dartmouth Dr., NE, Albuquerque, New Mexico, 87106.   Service of process is upon the Superintendent of Insurance in the ordinary course of business.

10.      Defendant Noela Luna Sucet is an agent of Elite Financial Insurance who solicited and sold the insurance policy that is the basis of this lawsuit. Defendant Sucet is a resident of Albuquerque, Bernalillo County, New Mexico.

11.      Defendants are real parties in interest and proper parties to this action.

12.      The acts complained of herein occurred in New Mexico.

13.      Jurisdiction and venue are proper in this Court.

## II.   GENERAL ALLEGATIONS COMMON TO ALL COUNTS OF THIS COMPLAINT: [1]

14.      Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

15.      On July 14, 2011, Defendants provided Plaintiff with a New Mexico Auto Application ("NMAA").

16.      Sometime after July 14, 2011, Defendants issued to Plaintiff a Kemper automobile insurance policy with corresponding endorsements ("policy").

17.      The NMAA and policy failed to fully inform Plaintiff about the New Mexico statutory offset law inherent in NMSA 1978, § 66-5-301.

---

[1] Except as context may otherwise require, the factual allegations hereof are based on information and belief.

18.     Based on information provided by Defendants, Plaintiff agreed to pay a premium for UIM insurance.

19.     At the time of agreeing to pay a premium in exchange for UIM coverage, Defendants did not fully inform Plaintiff of the consequences of NMSA 1978, § 66-5-301 or the effect it had on her UIM coverage in the event of a covered occurrence involving an underinsured driver.

20.     Pursuant to NMSA 1978, § 66-5-301, in the event of a covered occurrence, there are limited scenarios whereby Plaintiff would actually obtain financial payment arising from the premiums she paid for UIM coverage sold to her by Defendants.

21.     Defendants failed to fully inform Plaintiff of the limited scenarios in which Plaintiff would benefit from the purchase of minimum limits [2] UIM coverage.

22.     Defendants failed to fully inform Plaintiff she would most likely not benefit from paying a premium for minimal UIM coverage that was equal to the amount of a tortfeasor's liability coverage because, pursuant to NMSA 1978, § 66-5-301, Plaintiff's recovery of UIM would be offset by the amount of the tortfeasor's liability coverage.

23.     On June 24, 2015, Plaintiff sustained bodily injuries and other damages arising from an automobile collision that occurred in Albuquerque, New Mexico; Plaintiff was not at fault for the crash.

24.     On June 24, 2015, as Plaintiff traveled eastbound on Interstate 40 ("I-40") at or near mile marker 227, Stephanie Martinez, also traveling eastbound on I-40 at or near mile marker 227, behind Plaintiff, when Martinez failed to stop for the traffic in front of her vehicle, and Martinez vehicle rear ended Plaintiff's vehicle.

---

[2] The minimum limit of UIM bodily injury coverage in New Mexico is 25/50.

4

25.     Stephanie Martinez failed to keep a proper lookout for traffic and she traveled at an excessive rate of speed, causing the collision between her vehicle and Plaintiff's vehicle, further pushing Plaintiff's vehicle into the median barrier, causing additional injuries and damage.

26.     As a result of the impacts, Plaintiff suffered serious bodily injuries and other damages.

27.     At the time of the collision, Plaintiff was abiding by the traffic laws of the State of New Mexico and the City of Albuquerque.

28.     At the time of the occurrence, Plaintiff was insured by a Kemper policy of insurance, Policy No. 306860201.

29.     Ms. Martinez was an underinsured motorist at the time of the collision, pursuant to the terms of the Kemper insurance policy of which Plaintiff was an insured, and also under New Mexico law.

30.     Plaintiff received the full extent of liability coverage carried by Ms. Martinez.

31.     Prior to the collision at issue, Plaintiff had properly paid a premium for automobile coverage under the Kemper policy.

32.     Included in the coverage afforded under the policy was the subject UIM coverage.

33.     At the time of the collision, Plaintiff was under the belief that she was entitled to UIM benefits pursuant to the above referenced NMAA and by the policy issued by Defendants.

34.     Plaintiff seeks to certify a class pursuant to the Class Action provisions of Rule 1-023 NMRA, under New Mexico law, and based on the facts and allegations set forth herein.

**Insurance Investigation and Claims**

35.     Following the motor vehicle collision, Plaintiff promptly reported the occurrence to Defendants by and through its claims representatives.

5

36.     Kemper opened a claim, assigned claim number B025436NM16, and assigned the adjustment of the matter to its adjuster Geraldine Brown.

37.     At Plaintiff's request, Defendants provided a certified copy of the NMAA Plaintiff submitted when she purchased the insurance. *See* Exhibit A.

38.     The certified copy of the of the NMAA did not contain language regarding the effects of statutory New Mexico's UIM coverage offset laws.

39.     The language in the NMAA is clearly ambiguous in that it states that the applicant may purchase UIM coverage in excess of the bodily injury coverage limits, which is the opposite of the legislative intent of NMSA 1978, § 66-5-301 and New Mexico case law.

40.     The Kemper policy insuring Plaintiff shows liability coverage on one vehicle in the amount of $25,000 per person and $50,000 per occurrence, per vehicle. *See* Exhibit B.

41.     The Kemper policy insuring Plaintiff shows UIM coverage on one vehicle in the amount of $25,000 per person and $50,000 per occurrence, per vehicle. *Id*

42.     Nothing in Defendants' NMAA called to the attention of the insured, nor made clear to the ordinary and similarly situated insured, the effect that the New Mexico statutory offset law had on the actual payment of benefits arising from a covered occurrence under the policy. *Id.*

43.     Plaintiff, through counsel, demanded Defendants provide Plaintiff with UIM benefits that the Defendants solicited and for which Plaintiff paid a premium.

44.     Defendants denied Plaintiff's claim for UIM benefits under the policy, in which she sought payment arising from the coverage in amounts equal to the liability coverage limits for the single vehicle covered under the policy.

45.     Defendants notified Plaintiff that New Mexico is a "difference state", thus allowing it to offset the difference between the insured's UIM limits and the tortfeasor's bodily insurance

limits, and refused to provide payment of the UIM coverage equal to the liability limits purchased by Plaintiff.

46.     Defendants, in violation of the New Mexico Unfair Trade Practices Act ("UTPA"), NMSA 1978, Sections 57-12-1 to -22 (1967, as amended); Article 16 of the New Mexico Insurance Code; Unfair Practices Act, and cases interpreting those statutes, failed to offer their insureds sufficient information and knowledge regarding the offset of the liability limits against payment of the equivalent limits of UIM coverage.

47.     Defendants failed to inform their insureds about premium costs corresponding to the available levels of coverage and failed to offer their insureds a fair opportunity to reconsider the decision to select a higher amount of UIM coverage or reject such coverage altogether.

48.     Pursuant to New Mexico statutes, insurance code, and applicable case law, Defendants must fully inform their insureds and must not charge a premium for a service that the insureds will not benefit from.

49.     Defendants failed to fully inform their insureds during the application and policy writing process that a purchase of 25/50 UIM coverage, when triggered by a crash with a tortfeasor who has 25/50 bodily injury liability limits, will result in a payment of premium for which no payment of benefits will ever occur.

50.     The UIM application, coverage, and the corresponding policy language must not be so complex such that a reasonable person would be unable to understand its full impact when he or she reads it.

51.     Defendants neither offered nor adequately advised their insureds that UIM coverage with limits equal to the limits of liability coverage would be offset due to the New Mexico statutory offset law or otherwise known as being a "difference state," and failed to offer coverage

7

in a manner such that a reasonable insured could understand the amount of coverage they are being

offered, and or that which would be paid out in the event of a covered occurrence.

52.     Because Defendants failed to fully inform Plaintiff of the New Mexico statutory

offset law or that New Mexico is a "difference state" during the application and policy

underwriting stages, in a manner consistent with the requirements imposed by New Mexico law,

the New Mexico Insurance Code, and the Unfair Trade Practices Act, Defendants should be

required to fully compensate Plaintiff for the injuries she sustained as a result of the June 24, 2015

incident, via the UIM benefits for which she paid a premium.

### III.    CLASS ACTION ALLEGATIONS AND REQUEST TO CERTIFY CLASS:

53.     Plaintiff incorporates by reference the preceding paragraphs as though they were

stated fully herein.

54.     Upon information and belief, all UIM applications and insurance policies issued by

the Defendants to New Mexico policyholders are uniform in all respects material to the claims

brought herein and differ only in the limits identified in the endorsements included with such

policies.

55.     Defendants committed the above-described unfair and/or deceptive practices,

omissions of material fact, wrongful failures to provide UIM coverage (or the full amount of such

coverage to which Plaintiff was entitled under applicable law), wrongful denials of claims for UIM

benefits, and/or breaches of the implied covenant of good faith and fair dealing against other

Defendants' policyholders or insureds in New Mexico.

56.     This action is properly maintainable as a class action pursuant to Rule 1-023

NMRA. The Class is defined as follows:

> All persons (and their heirs, executors, administrators, successors, and assigns)
> who, in the prior six years from the date of filing of this complaint, were a

8

policyholder and/or insured, of a Motor Vehicle Policy issued by defendants where that policy did not and does not provide UIM coverage paid for by the policyholder, and sold and solicited by the defendants, due to the application of an offset as set forth in NMSA 66-5-301, otherwise known as the New Mexico statutory offset law or being a "difference state".

57.     Excluded from the Class are all present or former officers and/or directors of Kemper, the "Referees" for purposes of the Evaluation Appeal process set forth below, Class Counsel and their resident relatives, and Kemper's counsel of record and their resident relatives.

58.     The proposed class definition is precise, objective, and presently ascertainable, and it is administratively feasible for the Court to easily ascertain whether a particular individual is a member.

59.     Certification of the Class is desirable and proper because there are predominant questions of law and fact in this case which are common to all members of the Class. Such common questions of law and fact include, but are not limited to:

a.  Whether Defendants' acts and practices constitute a breach of the Defendants' contractual obligations with respect to their New Mexico policyholders;

b.  Whether Defendants' acts and practices have breached the implied covenant of good faith and fair dealing with respect to the policies issued to New Mexicans;

c.  Whether Defendants' acts and practices violate Article 16 of the New Mexico Insurance Code;

d.  Whether Defendants' acts and practices constitute failure to state a material fact in connection with the sale of the Defendants' insurance policies;

e.  Whether Defendants' acts and practices have deceived or have had a tendency to deceive the Defendants' policyholders;

f.  Whether Defendants' acts and practices have been misleading or deceptive;

g. The content, interpretation, and legal effect of the Defendants' standard application forms and other standard form documents, insofar as they relate to the acts and practices set forth above;

h. The remedies available to Plaintiff and to the Defendants' other New Mexico policyholders or insureds, should it be determined that Defendants' acts and practices have violated their duties to New Mexico policyholders or insureds;

i. The legal and/or factual applicability of affirmative defenses that may be alleged by Defendants.

60. Certification of the Class is desirable and proper because Plaintiff's claims are typical of the claims of the members of the Class the Plaintiff seeks to represent. Without limitation, Plaintiff's claims that Defendants' alleged acts and practices are in breach of the common law and statutory duties alleged above are typical of the claims of the members of the Class.

61. Certification of the Class is desirable and proper because Plaintiff will fairly and adequately protect the interests of the Class she seeks to represent. There are no conflicts of interest between the Plaintiff and those of other members of the putative Class, and the Plaintiff is cognizant of her duties and responsibilities to the putative Class. Plaintiff's attorneys are qualified, experienced, and able to conduct the proposed class action litigation.

62. Certification of the Class is desirable and proper because the members of the Class are so numerous that joinder of all members of the Class is impracticable.

63. This action should proceed as a class action under Rule l-023(B)(1) NMRA because the prosecution of separate actions by the individual members of the Class would create a risk of:

    a.   inconsistent or varying adjudications with respect to individual members or would establish incompatible standards of conduct for them and/or Defendants; or

    b.   adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

64.    This action should also proceed as a class action under Rule 1 -023(B)(2) NMRA, because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive relief and corresponding declaratory relief with respect to the Class. Plaintiff seeks to establish the rights and obligations of the parties with respect to the claims at issue in this case and to enjoin Defendants from continuing to engage in those practices that violate the duties, contractual, and legal obligations owed to Plaintiff and the Class under New Mexico statutory and common law.

65.    This action should also proceed as a class action under Rule 1-023(B)(3) NMRA. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

    a.   Common or generalized proof will predominate with respect to the essential elements of the claims at issue.

    b.   The common questions of law or fact that pertain to the Class predominate over any individual questions and any individual issues do not overwhelm the common ones.

11

c.  No member of the Class has a substantial interest in individually controlling the prosecution of a separate action, but, if any such member or members wish to do so, they may exclude themselves from the Class upon the receipt of notice under Rule 1-023(C)(2) NMRA.

d.  Upon information and belief, there are no pending lawsuits by members of the Plaintiff Class who may be similarly situated and which may potentially affect the matters raised in this action.

e.  It is desirable to concentrate the litigation of these claims in this forum. The determination of the claims of all members of the Class in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in this litigation as between Defendants and the Defendants' policyholders and insureds within the Class described by Plaintiff herein.

f.  The difficulties likely to be encountered in the management of a class action in this litigation are reasonably manageable, especially when weighed against the virtual impossibility of affording adequate relief to the members of the Class through numerous separate actions.

## IV.  ALLEGATIONS AND CLAIMS:

### COUNT I:
### Violations of the New Mexico Unfair Trade Practices Act

66.     The Plaintiff incorporates by reference the preceding paragraphs as though they are stated fully herein.

67.     There was in effect, at all times material, a state statute commonly known as the New Mexico Unfair Trade Practices Act ("UPA"), NMSA 1978, Sections 57-12-1 to -22 (1967, as amended), including but not limited to those subsections in Section 57-12-2(D)(7), (D)(14),

12

(D)(15), (D)(l7) and Section 57-12-2(E), which prohibits a person selling insurance from engaging in unfair or deceptive trade practices:

> D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Trade Practices Act [Chapter 57, Article 12 NMSA 1978], a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead and includes but is not limited to:

>> (7) representing that the goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

>> (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;

>> (15) stating that a transaction involves rights, remedies or obligations that it does not involve;

>> (17) failure to deliver the quality or quantity of goods or services contracted for;

> E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:

>> (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

>> (2) results in a gross disparity between the value received by a person and the price paid.

68.     Defendants failed to deliver the quality or quantity of services applied for and purchased by Plaintiff by failing to provide insurance applications and policies containing sufficient information to fully inform a reasonably prudent person charged with the task of purchasing UIM insurance, to which Plaintiff was under the belief that such coverage existed, and to pay claims for insurance benefits sold and solicited by Defendants.

13

69.     Defendants, acting through their agents, adjusters, and employees, as set forth above, knowingly and willfully engaged in unfair trade practices prohibited under Section 57-12-3, including but not limited to those subsections in Section 57-12-2(D)(7), (D)(l4), (D)(I5), (D)(I 7) and Section 57-12-2(E).

70.     Defendants' practices as described herein have resulted in damages to the Plaintiff and the Class in an amount to be proven at trial.

**COUNT II:**
**Violations of the Trade Practices and Frauds Act and the Insurance Code**

71.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

72.     There was in effect at all times material a State statute commonly known in the Insurance Code as the New Mexico Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended).

73.     Plaintiff was insured under the policy issued and adjusted by the Defendants.

74.     Defendants owed Plaintiff the duties of good faith, fair dealing, and the accompanying fiduciary obligations.

75.     In the sale and provision of insurance, and in the handling of the underinsured motorist claim, Defendant failed to exercise good faith, unreasonably delayed payment, and failed to give the interests of its insured (the Plaintiff) the same consideration it gave its own interests.

76.     Defendants' failure to pay anything on Plaintiff's underinsured motorist claims was unfounded, unreasonable, and in bad faith.

77.     Defendants misrepresented the terms of the policy sold and provided to Plaintiff, and/or failed to disclose material facts reasonably necessary to prevent other statements from being

14

misleading; failed to implement and follow reasonable standards in the sale and provision of insurance; and failed to follow Defendant's own customary practices and procedures.

78.     Defendant's acts and failures to act were in reckless disregard of Plaintiff's rights as an insured under the subject policy.

79.     Defendant's acts and practices took advantage of the lack of knowledge and experience of the Plaintiff to a grossly unfair degree.

80.     Defendant failed to abide by its statutory duties under the New Mexico Unfair Claim Practices Act, NMSA §59A-16-1, et seq, and such violations are negligence per se.

81.     Defendant misrepresented to its insured, pertinent facts or policy provisions relating to coverages at issue, in violation of NMSA § 59A-16-20(A).

82.     Defendant failed to acknowledge and act reasonably and promptly upon communications with respect to claims from its insured arising under the policy, in violation of NMSA § 59A-16-20(B).

83.     Defendant failed to adopt and implement reasonable standards for the prompt investigation and processing if its insured's claims arising under the policy, in violation of NMSA § 59A-16-20(C).

84.     Defendant failed to properly affirm and pay the coverage for claims of its insured within a reasonable period of time after proof of loss requirements under the policy was completed and submitted by Plaintiff, in violation of NMSA § 59A-16-20(D).

85.     Defendant did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claims in which liability has become reasonably clear, in violation of NMSA § 59A-16-20(E).

86.     Defendant compelled Plaintiff to institute litigation to recover amounts due under the policies by offering substantially less (i.e. nothing) than the amounts claimed by Plaintiff and that will ultimately be recovered in actions brought by Plaintiff, in violation of NMSA § 59A-16-20(G).

87.     Defendant failed to promptly provide Plaintiff with a reasonable explanation of the basis relied upon in the policy in relation to the facts and the applicable law for denial of her claims, in violation of NMSA § 59A-16-20(N).

88.     Defendants' failure to act in good faith and Defendants' violations of the Insurance Code and Trade Practices Act are proximate causes of damages sustained by Plaintiff.

89.     Defendant's conduct was in bad faith, malicious, willful, wanton, fraudulent and/or in reckless disregard of Plaintiff's rights.

90.     Plaintiff and other members of the Class are entitled to attorneys' fees and costs pursuant to §59A-16-30 and §39-2-1. As a direct and proximate result of Defendants' acts, omissions policies, and conduct in violating the New Mexico Trade Practices and Fraud Act, and the New Mexico Insurance code, as set forth above, Plaintiff and other members of the Class have sustained damages, in addition to the damages common to all counts of this Complaint, including but not limited to the actual damages incurred, the cost of prosecution of this lawsuit, attorneys' fees, and interest on the sums owed under the policy. These injuries and damages are ongoing, permanent, and are expected to continue in the future.

## COUNT III:
### Breach of Contract and Claim for Underinsured Motorist Coverage

91.     The Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

92.     By issuing the policy in question to Plaintiff, the Defendants entered into a contract with Plaintiff and entered into the same contractual obligations with each member of the Class the Plaintiff seeks to represent.

93.     By undertaking the acts described above, Defendants have wrongfully and unlawfully failed to provide UIM coverage and/or denied UIM claims for benefits to Plaintiff and other members of the Class.

94.     By engaging in the conduct alleged herein, the Defendants breached their contractual obligations to the Plaintiff and to the Class.

95.     Pursuant to New Mexico law, and because of Defendants' breaches of their contractual obligations to the Plaintiff and to the Class, Plaintiff and other members of the Class are entitled to UIM coverage in an amount equal to liability limits and may be entitled to payment of UIM benefits, or payment of additional UIM benefits accordingly and to damages to the Plaintiff and the Class in an amount to be proven at trial.

## COUNT IV:
### Breach of the Covenant of Good Faith and Fair Dealing

96.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

97.     Implicit in the contract of insurance between the Plaintiff and Defendant was the covenant that Defendant would, at all times, act in good faith and deal honestly and fairly with the Plaintiff entitled to compensation for damages under her policy.

98.     Defendant breached the implied covenant of good faith and fair dealing, in one or more of the following ways, including but not limited to:

      a.   Failing and refusing to acknowledge that the subject occurrence triggers the subject insurance policy;

    b.   Failing and refusing to disclose, admit and acknowledge coverage in this matter;

    c.   Failing and refusing to promptly and fairly investigate, process, determine and decide Plaintiff's claims under the policy referenced above;

    d.   Denying coverage to its insured, the Plaintiff, under the policy;

    e.   Failing and refusing to cover its insured, the Plaintiff, under the underinsured motorist portion of the policy referenced above; and

    f.   Failing and refusing to mediate, resolve, and settle the Plaintiff's underinsured motorist claims.

99.    As a direct and proximate result Defendant's acts and omissions alleged herein, the Plaintiff has suffered damages in an amount to be proven at trial.

100.    Defendant's acts and omissions alleged herein and breach in the implied covenant of good faith and fair dealings were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, the Plaintiff and the Class are entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the Defendant for its misconduct and to deter others from similar conduct in the future.

## COUNT V:
### Injunctive Relief

101.    Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

102.    Plaintiff and the Class are entitled to injunctive relief requiring that Defendants be enjoined from continuing practices that violate the duties, contractual, and legal obligations owed to Plaintiff and the Class.

103.     Defendants must be compelled to stop their practice of failing to provide UIM coverage benefits equal to the limits of liability coverage where they have failed to fully inform their insureds throughout the application and policy underwriting process.

## COUNT VI:
### Declaratory Judgment

104.     The Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

105.     An actual controversy exists between the parties thereby rendering declaratory relief proper pursuant to NMRA, Rule 1-057 and the New Mexico Declaratory Judgment Act, NMSA 1978, Sections 44-6-1 through -15 (1975).

106.     The Plaintiff and the Class are entitled to a declaratory judgment establishing the respective rights and obligations of the parties with respect to the claims set forth herein.

## COUNT VII:
### Punitive Damages

107.     The Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

109.     Defendants' conduct in failing to provide their insureds with UIM policy benefits in an amount sold and solicited was willful, wanton, and in reckless disregard of Plaintiff's rights and the rights of the Class.

WHEREFORE, the Plaintiff on her own and on behalf of the Class prays for judgment, injunctive, and declaratory relief against Defendants as follows:

A.     Certifying this action as a class action pursuant to Rule 1-023(A) & (B) NMRA;

B.     Awarding compensatory damages to the Plaintiff and the Class for the damages done to them by Defendants in an amount to be proven at trial;

C.      Awarding punitive damages to the Plaintiff and the Class in an amount sufficient to punish Defendants for their willful and wanton conduct, and to deter them, and others similarly situated, from such conduct in the future in an amount to be proven at trial;

D.      Awarding the Plaintiff and the Class damages from Defendants as a result of its violations of Article 16 of the New Mexico Insurance Code, in an amount to be determined at trial and for attorneys' fees and costs;

E.      Awarding treble damages in accordance with NMSA 1978, Sections 57-12-10(B) (2005), and any and all damages permitted pursuant to NMSA 1978, Sections 57-12-1 through – 26, which will deter Defendants and others from such unfair trade practices and wrongful conduct in the future and will punish them or the conduct set forth in this Complaint;

F.      Granting a declaratory judgment that establishes the rights and obligations of the parties with respect to the claims set forth herein;

G.      Granting injunctive relief as may be deemed proper by the Court to require Defendants to desist in the wrongful actions described herein;

H.      Awarding the Plaintiff and the Class their costs and expenses incurred in this actions, including reasonable attorneys' fees, experts' fees, and costs; and

I.      Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

WILL FERGUSON AND ASSOCIATES

/s/ Will Ferguson
Will Ferguson
1720 Louisiana Suite 100
Albuquerque, NM 87106
Phone: (505) 243-5566
Fax: (505) 245-5699
will@fergusonlaw.com

20

## New Mexico Personal Auto Application
### Unitrin Specialty - Financial Indemnity Company

P.O. Box 223687
Dallas, TX 75222-3687
800-456-1919

**Applicant Information:**
Helen Garcia
200 NEEL AVENUE
Socorro, NM 87801
505-948-0366

**Agent Information:**
2000475
ELITE FINANCIAL INSURANCE
7900 LOMAS BLVD NE STE C
ALBUQUERQUE, NM 87110
505-298-6777

**Policy Information:**
Effective Date: 07/13/2011 12:01:00 AM
Expiration Date: 01/13/2012 12:01:00 AM
Binder Number: 306860201
Credit Score Reference Number: 11594175809430

Total Premium: $986.00
Down Payment: $205.20
All discount proof obtained? Yes

### Driver Information

| Drv# | Driver's Name | Date of Birth | Relation of Applicant | Gender | Marital Status | Social Security # | SR-22 |
|---|---|---|---|---|---|---|---|
| 1 | Garcia , Helen | 06/23/1980 | Named Insured | Female | Single | 585358947 | N |

| Drv# | Driver's License # | State | Months Lic. in New Mexico | Occupation | Employer |
|---|---|---|---|---|---|
| 1 | 119917271 | NM | 180 | MANAGER | |

| Drv# | Driver's Name | Date of Violation | Points | Description of Accident, Claim or Violation |
|---|---|---|---|---|
| 1 | Garcia , Helen | 01/13/2011 | 0 | NON CHARGEABLE |
| 1 | Garcia , Helen | 01/13/2011 | 0 | REVOCATION |
| 1 | Garcia , Helen | 12/24/2010 | 0 | SUSPENSION |
| 1 | Garcia , Helen | 02/09/2010 | 3 | ACCIDENT |

### Covered Vehicle Information
List all vehicles applying for coverage under this policy

| Veh# | Year | Make | Model & Series | Body Style | 2wd or 4wd | Vehicle Usage |
|---|---|---|---|---|---|---|
| 1 | 2007 | CHEV | COBALT | SEDAN 4D | 2WD | Pleasure |

| Veh# | VIN | Agreed Value | Vehicle Symbol | Garaging Address |
|---|---|---|---|---|
| 1 | 1G1AL55F277231241 | | 03-05-06 | 200 NEEL AVENUE, Socorro, NM 87121 |

Lien Holder / Loss Payee / Leasing Company Information

| Veh# | Type | Company Name | Address, City, State, Zip |
|---|---|---|---|
| 1 | | | |

### Coverage and Premium Information

| Coverage | Limits/Deductibles | Premium Veh #1 | Veh #2 | Veh #3 | Veh #4 |
|---|---|---|---|---|---|
| BI-PD | 25000/50000/25000 | 285.00 | | | |
| Med | N/A | | | | |
| Uninsured/Underinsured Motorist | 25000/50000 | 69.00 | | | |

EXHIBIT A

| | | | |
|---|---|---|---|
| Uninsured/Underinsured Stacked | N/A | | -- |
| Uninsured PD with $250 deduc. | 250.00 | | 93.00 |
| Other Than Collision | 500 | | 118.00 |
| Collision | 500 | | 376.00 |
| Rental Reimbursement | 900 | | 35.00 |
| Custom Equipment | N/A | | |
| Subtotal: | $ 976.00 | | |
| Total Premium & Fee: | $ 986.00 | | |
| Minimum Down Payment: | $ 205.20 | | |
| Down Payment Submitted: | $ 205.20 | | |

## Agent's Statement

I certify to the best of my knowledge that all information contained herein is correct, and that the statements herein are those of the applicant who has completed and signed this application in my presence. The date and time stated below are the actual date and time this policy was bound.

Agent's signature: _____   Date: 7-14-2011   Time: _____

## Applicant's Statement

1 -- Does any operator have any medical, nervous, mental, or physical conditions which would impair his or her ability to safely operate a vehicle in any way (including seizures, convulsions, blackouts, loss of consciousness, fainting, etc.)? If yes, please explain in the comments section below. ___Yes _X_No

2 -- Will any vehicle be used for any business or delivery purposes including, but not limited to making sales calls, driving to job sites, pizza, telephone directory or newspaper delivery? If yes, please explain in the comments section below. ___Yes _X_No

3 -- Have all residents of your household age 14 and older been listed on this application? If no, please explain in the comments section below. _X_Yes ___No

4 -- Have all drivers who may operate your vehicles on a regular or infrequent basis, including children away from home, been listed on this application? If no, please explain in the comments section below. _X_Yes ___No

5 -- Do you understand that acceptable proof for all applicable discounts may be provided and that each driver must qualify for these discounts to be awarded when your policy is issued by the Company (lapses in coverage may be verified)? _X_Yes ___No

6 -- I understand that any non-factory installed special equipment, which has not been declared on the application with a premium charge, is not covered. ____ Initials

I understand that failure to truthfully and accurately complete this application, including the above questions jeopardizes my insurance coverage.

I apply to the Company for an insurance policy based on the statements contained in this application. I agree that such policy shall be null and void if such information is false or misleading, whether by direct statements or omission of facts, or would materially affect the acceptance of the risk by the Company. I understand a routine inquiry may be made which will provide applicable information concerning character, general reputation, personal characteristics, and mode of living, including claims history and credit history through a consumer reporting agency, credit agency or insurance support group. Upon written request, additional information as to the nature and scope of this report, if one is made, will be provided.

I hereby grant the Company permission to order a motor vehicle report from the State for me and all operators for which coverage may be afforded under this policy. I agree that the Company has my permission to charge the correct rates and if the correct premium is not paid, I understand that my policy will be canceled for non-payment of premium based on the correct premium developed. I understand that coverage created by this application will become null and void, if my financial institution does not honor the check or other remittance presented to initiate the policy. I certify that all operators of my vehicle have been reported to the Company. I further agree that if my down payment or full payment check is returned by the bank or my credit card down payment is denied, coverage will be null and void from inception. I authorize the Company to use any portion up to the full amount of my down payment to satisfy any outstanding amounts remaining due under my prior policy or policies. I understand that all fees are fully earned by the Company and will not be refunded in the event of policy cancellation. I understand that a late fee will be charged if the Company does not receive my installment payment prior to the due date. I understand that vehicles imported to the U.S. that were not originally manufactured for distribution or sale in the U.S. are unacceptable for coverage.

Applicant's signature: _____   Date: _____   Time: _____

Comments / Explanations:


**U-815 (10/04)**                                                                **(C) UNITRIN 2003**

# NEW MEXICO AUTO SUPPLEMENT

AGENCY:
ELITE FINANCIAL INSURANCE
7900 LOMAS BLVD NE STE C
ALBUQUERQUE, NM 87110
505-298-6777

CODE:                SUB CODE:

APPLICANT/NAMED INSURED: Helen Garcia
COMPANY: Financial Indemnity Company
POLICY/BINDER#: 306860201
EFFECTIVE DATE: 07/13/2011

## UNINSURED / UNDERINSURED MOTORISTS BODILY INJURY COVERAGE

Under New Mexico Insurance Law (NMSA 1978 sec. 66-5.301), we are required to provide Uninsured and Underinsured Motorist coverage up to the Bodily Injury and Property Damage Liability limits provided in this policy. Uninsured / Underinsured Motorist bodily injury protects the named insured, resident relatives and occupants of an insured vehicle if any of those persons sustain bodily injury in an accident for which the owner or operator of the motor vehicle that is legally liable, either does not have insurance, is a hit and run vehicle, or has insurance in an amount less than the limit of your Uninsured Motorist Coverage. If selected, Uninsured / Underinsured Motorist limits must be the same for all the vehicles on the policy, and no less than the limits of your bodily injury liability limits. You have the right to reject such coverage, stack the coverage for bodily injury, or select higher limits than your bodily injury and property damage limits. If you choose to add together the limits of your coverage (stack) for each vehicle listed on the policy, your premium will be higher. Indicate by initialing below your selection:

Your Bodily Injury Limit on the policy is : _____

### UNINSURED/UNDERINSURED MOTORIST

**Initial**

_____ I wish to **REJECT** Uninsured / Underinsured Coverage entirely.
_____ I wish to **ACCEPT** Uninsured / Underinsured Coverage without stacking at a cost of $_____
_____ I wish to **ACCEPT** Uninsured / Underinsured Motorist Coverage with stacking at a cost of $_____

I choose the following limits:
_____ $25,000 / $50,000
_____ $50,000 / $100,000
_____ $100,000 / $300,000
_____ $250,000 / $500,000 000 (Please adjust for your state )

### UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE

Uninsured Motorist Property Damage pays for damage less a $250 deductible caused in an accident for which the owner or operator of the motor vehicle that is legally liable does not have insurance, or is a hit-and-run vehicle. This coverage is only available if you selected Uninsured/Underinsured Motorist Coverage. If selected, Uninsured Motorist limits must be the same for all the vehicles on the policy, and no less than the limits of your property damage liability coverage.

I choose the following limits:

_____ $10,000
_____ $25,000
_____ $50,000
_____ $100,000

**This is only a general description of the coverages above. Please review your auto policy for a more detailed description.**

I understand that the coverage selections and limit choices indicated here will apply to all future renewals or changes, unless I notify the Company otherwise in writing.

Named Insured's Signature _____   Date ____7/14/11____

U-816 (10/04)                                                                 (C) UNITRIN 2003

05/14/2015

# KEMPER

Agent/Broker for Financial Indemnity Company:
ELITE FINANCIAL INSURANCE
7900 LOMAS BLVD NE STE C
ALBUQUERQUE NM 87110

0000950   01 MB 0.432  **AUTO  T5 0 7096 87801-464900 -      C01
ﻟﻠﻠﻞ|ﻟﻠﻠﻞ|ﻟﻠﻞ|ﻟﻠﻠﻠﻞ|ﻟﻠﻠﻞ|ﻟﻠﻠﻞ|ﻟﻠﻠﻠﻞ|ﻟﻠﻠﻞ|ﻟﻠﻞ
HELEN GARCIA
200 NEEL AVE
SOCORRO NM 87801-4649

Re: Vehicle Insurance Policy Number CCFIZB6311372-07

Thank you for choosing Financial Indemnity Company:             for your vehicle insurance
needs. Please take a few minutes to review the enclosed documents and check the       .
following:

-   Verify that all vehicles and drivers are listed in the policy Declarations.

-   Check your Proof of Insurance Cards.

-   Place these documents in a safe place with your other insurance documents.

-   Watch the mail for your bill, which is mailed separately.

If you have any questions or concerns about your vehicle insurance, please contact your
agent/broker at 505-298-6777. Once again, thank you for your business.

FORM: FORMS.COVER



0000950-03-0010198

## New Mexico Liability Insurance Identification Card

# KEMPER

**Name and Address of Policyholder**

HELEN GARCIA
200 NEEL AVE
SOCORRO NM  87801

**Insurance Company**

Financial Indemnity Company
PO BOX 223687
Dallas, TX 75222-3687

**For Claims**, contact us at **(800) 234-3606**

**Agent**

ELITE FINANCIAL INSURANCE
7900 LOMAS BLVD NE STE C
ALBUQUERQUE NM  87110
505-298-6777

**Insured Vehicle(s)**
**Year / Make / Model / VIN**
1995 LEXUS LS 400 4D
    JT8UF22E4S0024601

**Policy Number**

CCFIZB6311372-07

**Policy Effective Date**

02/21/2015

**Policy Expiration Date**

08/21/2015

---

## New Mexico Liability Insurance Identification Card

# KEMPER

**Name and Address of Policyholder**

HELEN GARCIA
200 NEEL AVE
SOCORRO NM  87801

**Insurance Company**

Financial Indemnity Company
PO BOX 223687
Dallas, TX 75222-3687

**For Claims**, contact us at **(800) 234-3606**

**Agent**

ELITE FINANCIAL INSURANCE
7900 LOMAS BLVD NE STE C
ALBUQUERQUE NM  87110
505-298-6777

**Insured Vehicle(s)**
**Year / Make / Model / VIN**
1995 LEXUS LS 400 4D
    JT8UF22E4S0024601

**Policy Number**

CCFIZB6311372-07

**Policy Effective Date**

02/21/2015

**Policy Expiration Date**

08/21/2015

IM: SDOCS.IDCARD

04UTN631801

**Financial Indemnity Company**

**KEMPER**

Policy Number: CCFIZB6311372-07
Policy Effective Date: 02/21/2015

Your Agent: ELITE FINANCIAL INSURANCE
505-298-6777

## Coverage for 1995 LEXUS LS 400 4D , VIN JT8UF22E4S0024601
Coverage is provided where a limit of liability and a premium are shown for the coverage.

| Coverage | Limit | | Deductible | Premium |
|---|---|---|---|---|
| **Part A - Liability Coverage** | | | | |
| Bodily Injury | $25,000 | each person | Not Applicable | $80 |
| | $50,000 | each accident | Not Applicable | Included |
| Property Damage | $25,000 | each accident | Not Applicable | $76 |
| | | | | |
| **Part B - Medical Payments** | No Coverage | each person | Not Applicable | |
| | | | | |
| **Part C - Uninsured / Underinsured Motorists -** | | | | |
| Bodily Injury | $25,000 | each person | Not Applicable | $54 |
| | $50,000 | each accident | Not Applicable | Included |
| Property Damage | $25,000 | each accident | $250 | $31 |
| **Part D - Coverage For Damage To Your Auto** | | | | |
| Other Than Collision | No Coverage | | | |
| Collision | No Coverage | | | |
| | | | | |
| **Additional Coverage(s)** | | | | |
| Towing & Labor Costs | No Coverage | per disablement | Not Applicable | |
| Rental Reimbursement | Up to $0 per day to a | | Not Applicable | |
| | maximum of $0 | | | |
| Custom Equipment | No Coverage | | See Part D | |

| | |
|---|---|
| Total Premium for 1995 LEXUS LS 400 4D | $241 |

This vehicle is principally garaged at the address of the named insured unless otherwise stated (No., Street, Town or City, State, Zip Code):

Loss Payee:

Rating Information:

| | | |
|---|---|---|
| | **Rating Territory** | NA |
| | **Driver Class** | SF034 |
| | **Sub-Class** | 02 |
| | **Vehicle Symbol** | 090505 |
| | **F.O.B. List Price or Delivered Price at Factory** | N/A |

U-828 (04/12)

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/30/2016 4:34:05 PM
James A. Noel
Patricia Serna

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**HELEN BHASKER**                                    No.  _____ D-202-CV-2017-00024 _____

**Plaintiff,**

**vs.**

**KEMPER CASUALTY INSURANCE COMPANY,**
**UNITRIN SPECIALTY FINANCIAL INDEMNITY COMPANY,**
**FINANCIAL INDEMNITY COMPANY,**
**ELITE FINANCIAL INSURANCE, and**
**NOELIA LUNA SUCET**

**Defendants.**

## PLAINTIFFS' CERTIFICATION
## REGARDING ARBITRATION UNDER RULE LR2-603

WILLIAM S. FERGUSON, counsel for Plaintiff, certifies that:

_____ This case is subject to referral to arbitration under Local Rule 603. No party seeks relief other than a money judgment and no party seeks and award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

  X   This case is not subject to referral to arbitration under Local Rule 603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

Respectfully submitted,

WILL FERGUSON & ASSOCIATES


/s/ *William S. Ferguson*
WILLIAM S. FERGUSON
*Attorney for Plaintiff*
1720 Louisiana Blvd. NE, Suite 100
Albuquerque, New Mexico 87110
will@fergusonlaw.com
(505) 243-5566
FAX (505) 243-5699

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/25/2017 2:16:13 PM
James A. Noel
Gena Lopez

| SUMMONS | |
|---|---|
| District Court: SECOND JUDICIAL Bernalillo County, New Mexico P.O. Box 488 / Albuquerque, NM 87103 400 Lomas Blvd. NW / Albuquerque, New Mexico 87102 Court Telephone No.: 505-841-7425 | Case Number:  D-202-CV-2017-00024  Assigned Judge:  Alan Malott |
| Plaintiff(s):  Helen Bhasker  v.  Defendant(s):   Kemper Casualty Insurance Company, Unitrin Specialty Financial Indemnity Company, Financial Indemnity Company, Elite Financial Insurance, and Noelia Luna Sucet | Defendant: Elite Financial Insurance ~~1013 Dartmouth Dr. NE~~ 7906 Menaul Blvd. NE Albuquerque, NM ~~87106~~ 87110 |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Albuquerque, New Mexico, this _____ day of 1/19/2017 , 2017.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Cathy Chavez, Deputy

/s/ Kedar Bhasker
KEDAR BHASKER
*Attorney for Plaintiff*
Will Ferguson & Associates
1720 Louisiana Blvd NE, Suite 100
Telephone: 505-243-5566 Fax: 505-243-5699
kedar@fergusonlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO     )
                                           )ss
COUNTY OF _Bernalillo_     )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Bernalillo_ county on the _20th_ day of _January_____, 2017, by delivering a copy of this summons, a copy of the complaint and a copy of the initial discovery attached, in the following manner:

### (check one box and fill in appropriate blanks)

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[X] to _Noelia Luna Sucet_ (*name of person*), _Manager_____ , (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _$35_____

_____
Signature of person making service

Title (*if any*)

Subscribed and sworn to before me this _20th_ day of _January_, 2017

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

**USE NOTES**

OFFICIAL SEAL
**KRISTINA LOPEZ**
NOTARY PUBLIC STATE OF NEW MEXICO
My Commission Expires: _4-28-2018_

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective

August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

| SUMMONS | |
|---|---|
| District Court: SECOND JUDICIAL<br>Bernalillo County, New Mexico<br>P.O. Box 488 / Albuquerque, NM  87103<br>400 Lomas Blvd. NW / Albuquerque, New<br>Mexico 87102<br>Court Telephone No.: 505-841-7425 | Case Number:  D-202-CV-2017-00024<br><br>Assigned Judge:  Alan Malott |
| Plaintiff(s):  Helen Bhasker<br><br>v.<br><br>Defendant(s):   Kemper Casualty Insurance Company, Unitrin Specialty Financial Indemnity Company, Financial Indemnity Company, Elite Financial Insurance, and Noelia Luna Sucet | Defendant:<br>Noela Luna Sucet<br>Elite Financial Insurance<br>~~1013 Dartmouth Dr. NE~~  7906 Menaul Blvd. NE<br>Albuquerque, NM ~~87106~~  87110 |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.       You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Albuquerque, New Mexico, this _____ day of 1/19/2017 , 2017.


JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Cathy Chavez, Deputy

*/s/ Kedar Bhasker*
KEDAR BHASKER
*Attorney for Plaintiff*
Will Ferguson & Associates
1720 Louisiana Blvd NE, Suite 100
Telephone: 505-243-5566 Fax: 505-243-5699
kedar@fergusonlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO   )
                  )ss
COUNTY OF _Bernalillo_   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Bernalillo_ county on the _20th_ day of _January_ , 2017, by delivering a copy of this summons, a copy of the complaint and a copy of the initial discovery attached, in the following manner:

### (check one box and fill in appropriate blanks)

[X] to the defendant _Noelia Luna Sweet_ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _$ 35_

_____
Signature of person making service

Title (*if any*)

Subscribed and sworn to before me this _25th_ day of _January_ , 2017

_____
Judge, notary or other officer
authorized to administer oaths

_Notary_
Official title

OFFICIAL SEAL
**KRISTINA LOPEZ**
NOTARY PUBLIC STATE OF NEW MEXICO
My Commission Expires: _4-28-2018_

USE NOTES

    1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective

August 1, 2007;  by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/3/2017 3:48:41 PM
James A. Noel
Edna Kasuse

# STATE OF NEW MEXICO
## OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

D-202-CV-2017-00024

HELEN BHASKER,
    Plaintiff,

vs.

KEMPER CASUALTY INSURANCE COMPANY, UNITRIN SPECIALTY FINANCIAL
INDEMNITY COMPANY, FINANCIAL INDEMNITY COMPANY, ELITE FINANCIAL
INSURANCE, AND NOELIA LUNA SUCET,
    Defendants.

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify
that a copy of a Summons, Class Action Complaint for Breach of Statutory, Common Law, and
Contractual Duties, and Plaintiffs' Certification Regarding Arbitration Under Rule LR2-603 to
Defendant Financial Indemnity Company was sent to Defendant FINANCIAL INDEMNITY
COMPANY on January 26, 2017 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978,
and was received by said company on January 30, 2017 as shown by return receipt by
Postmaster.

In

hereunto set my official seal
on this 31st day of January, 2017

*John G. Franchini*

Superintendent of Insurance

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/3/2017 3:48:41 PM
James A. Noel
Edna Kasuse

# STATE OF NEW MEXICO
## OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

D-202-CV-2017-00024

HELEN BHASKER,
    Plaintiff,

vs.

KEMPER CASUALTY INSURANCE COMPANY, UNITRIN SPECIALTYFINANCIAL
INDEMNITY COMPANY, FINANCIAL INDEMNITY COMPANY, ELITE FINANCIAL
INSURANCE, AND NOELIA LUNA SUCET,
    Defendants.

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Class Action Complaint for Breach of Statutory, Common Law, and Contractual Duties, and Plaintiffs' Certification Regarding Arbitration Under Rule LR2-603 to Defendant Kemper Casualty Insurance Company was sent to Defendant KEMPER CASUALTY INSURANCE COMPANY on January 26, 2017 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on January 30, 2017 as shown by return receipt by Postmaster.

In

hereunto set my official seal
on this 31st day of January, 2017

_John G. Franchini_
Superintendent of Insurance