# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HELEN BHASKER,

        Plaintiff,

vs.                                                            CIVIL NO. 17-cv-00260-JB-WPL

FINANCIAL INDEMNITY COMPANY

        Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 11, 2017, at the law offices of O'Brien & Padilla, P.C, and was attended by:

Kedar Bhasker for Plaintiff and Alicia M. Santos and Mark L. Hanover for Defendant.

## NATURE OF THE CASE

Plaintiff was injured in a June 24, 2015 collision with an at-fault driver, Stephanie Martinez, who was an underinsured motorist. Plaintiff received the full extent of Ms. Martinez' $25,000 bodily injury liability coverage. Plaintiff alleges that, prior to the collision, she "paid a premium for automobile coverage under the Financial Indemnity Company auto insurance policy," and had a "reasonable expectation" that she had underinsured motorist ("UIM") coverage of $25,000 each person and $50,000 each accident under that policy.

Plaintiff alleges, under the reasonable expectation that she had underinsured motorist coverage of at least $25,000.00, that she submitted a claim to Defendant for underinsured motorist coverage because she was not made whole and that Defendant denied the claim because of an offset.

Plaintiff alleges that the insurance application and policy issued by Defendant failed to fully inform her that she would not benefit from underinsured motorist coverage in the event of a collision involving a minimally insured driver, and also failed to advise her of monthly premiums for corresponding levels of coverage. Plaintiff alleges that it was not Defendant's practice to fully inform her of the effects of New Mexico's underinsured offset laws, which she alleges resulted in no underinsured motorist coverage under the circumstances of her collision. Plaintiff alleges Defendant's practices are widespread. Plaintiff seeks to represent the following putative class:

> All persons (and their heirs, executors, administrators, successors, and assigns) who, in the prior six years from the date of filing of this complaint, were a policyholder and/or insured, of a Motor Vehicle Policy issued by defendant where that policy did not and does not provide UIM coverage paid for by the policyholder, and sold and solicited by the defendant, due to the application of an offset as set forth in NMSA 66-5-301, otherwise, known as the New Mexico statutory offset law or being a "difference state".

Plaintiff asserts the following causes of action: Count I: Negligence; Count II: Violation of the New Mexico Unfair Trade Practices Act; Count III: Violation of the New Mexico Unfair Insurance Practices Act; Count IV: Breach of Contract and Claim for Underinsured Motorists Coverage; Count V: Breach of the Covenant of Good Faith and Fair Dealing; Count VI: Injunctive Relief; Count VII: Declaratory Relief; and Count VIII: Punitive Damages. (*Id.,* pp.

**<u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>**

Plaintiff should be allowed until sixty days after the Court adopts the JSR to amend the pleadings and until sixty days after the Court adopts the JSR to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants should be allowed until thirty days after Plaintiff amends the pleadings to move to amend its pleadings and until thirty days after Plaintiff amends the Pleadings to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Plaintiff suffered damages in excess of $50,000.00 as a result of a collision with an at-fault underinsured motorist on June 24, 2015.

2. Defendant issued a policy of insurance bearing policy number CCFIZB6311372-07 to Plaintiff for the policy period of 02/21/2015 to 08/21/2015 ("Policy").

3. Pursuant to the policy with Defendant, Plaintiff was insured with combined uninsured and underinsured motorist ("UIM") policy limits of $25,000 each person and $50,000 each accident under that policy.

The parties further stipulate and agree that the law governing this case is: New Mexico law, but that case law from other jurisdictions may provide guidance in resolving the issues in this case.

## PLAINTIFF'S CONTENTIONS:

Plaintiff contends that the policy sold and solicited by Defendant was virtually illusory and is in violation of New Mexico statutory, contract and common law and the relief the Plaintiff and the putative class seeks is for all damages and remedies available under the law.

Defendant is in a position to procure insurance that would maximize its insured benefits but systematically chooses profits over the interests of its insureds. Defendants must be prevented from misleading New Mexico motorists who pay for and have a reasonable expectation that they will benefit from underinsured motorist coverage.

Plaintiff also contends that the Supreme Court of New Mexico provides persuasive commentary in that it has stated the coverage that is the basis of this claim is superfluous. *Progressive Nw. Ins. Co. v. Weed Warrior Services*, 2010-NMSC-050, ¶ 10. 149 N.M. 157, 161, 245 P.3d 1209, 1213.

Plaintiff further contends that, under New Mexico law, Defendant has a duty to fully inform its clients, insureds, and/or public consumers of its underinsured motorist coverage provisions such that the clients, insureds, and/or public consumers can make a knowledgeable and fully informed decision.

Plaintiff contends that to fully inform the insured Defendants must explain the effect of the offset in writing and have the insured sign, similar to New Mexico stacking law, and attach the signature to the policy.

Plaintiff and the putative class contends that class certification is proper under Fed. R. Civ. P. 23 (a)(1)-(4) and (b)(3) and that the issues are justiciable because the relief they seek may be awarded under New Mexico statutory and common law theories.

## **DEFENDANT'S CONTENTIONS**

All Plaintiff's claims are premised on the erroneous theory that the minimum limits underinsured motorists coverage at issue in this case is "illusory." Plaintiff's claims fail for several reasons.

First, all Plaintiff's claims are barred by the filed rate doctrine. Plaintiff's allegations leave no doubt she is challenging Defendant's rates for UIM coverage. For example, Plaintiff alleges that, based on the information provided by Defendant, she agreed to pay a premium for UIM coverage, and that when she agreed to pay that premium Defendant did not fully inform her of the consequences of New Mexico's UIM set off. She further alleges Defendant failed to inform her she would likely not benefit from paying a premium for minimum limits UIM coverage, and that

she demanded that Defendant provide her with UIM benefits for which she had paid a premium. Plaintiff further alleges Defendant has "written direct premium automobile insurance to thousands of New Mexico residents and, from 2010-2014, wrote direct premiums in the amount of $1.09 billion across the United States." (Compl., ¶ 22.) Plaintiff's theory is, simply stated, that Defendant charged her a premium for UIM coverage that was "illusory." Because Plaintiff's Complaint is premised on her "unlawful premium" theory, all her claims run afoul of the filed rate doctrine. Plaintiff's claims, if permitted to stand, would require this Court to make an independent determination of the propriety of rate filings with the Insurance Department, and would undermine the exclusive authority vested in the Superintendent of Insurance to determine the propriety of insurance rates.

Second, Plaintiff's claims are barred by the voluntary payments doctrine. That doctrine bars all claims by a plaintiff who complains he or she has been misled by a defendant into paying for something where, as here, the plaintiff could have easily learned of the law underlying the basis for the disputed charge. Here, the crux of Plaintiff's liability theory is that she paid premiums for "illusory" UIM coverage because Defendants "failed to fully inform Plaintiff of illusory underinsured coverage with a disproportionate premium/indemnification ratio when compared to the next tier of available coverage[.]" (Compl., ¶ 35.) Plaintiff, however, paid these premiums voluntarily, and, as the relevant case law shows, Defendant's alleged failure to advise Plaintiff about New Mexico's offset law, or any argument that Plaintiff was ignorant of the law, does not preclude application of the voluntary payments doctrine, particularly where, as here, the New Mexico offset law was readily knowable by Plaintiff.

Third, Plaintiff's "illusory coverage" argument is ill-founded, because minimum limits underinsured motorists coverage does provide tangible benefits to those who choose it. All Plaintiff's claims are premised on her theory that minimum limits UIM coverage is inherently

5

worthless or "illusory." That theory is legally incorrect, however, as numerous courts have recognized. Indeed, there are several situations in which minimum limits UIM coverage has value for New Mexico policyholders.

Finally, the putative class that Plaintiff proposes to certify does not satisfy the prerequisites of Fed. R. Civ. P. 23(a) or (b). Among other infirmities, there would be individual liability issues that would predominate over any common questions.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)* The following is a list of all witnesses who, at this time, the parties anticipate will either testify or be deposed:

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

| Name, Title, Address | Subject Matter |
|---|---|
| Helen Bhasker, Plaintiff, in care of Plaintiff's counsel | **JOINT CONTENTION:** Knowledge of allegations of Plaintiff's Complaint and adequacy as a class representative. |
| Joe Utic, Claims Consultant, in care of Defendant's counsel | **JOINT CONTENTION:** Knowledge of Defendant's minimum limits UIM coverage and claims adjustment practices. |
| Joe Utic, Claims Consultant, in care of Defendant's counsel | **JOINT CONTENTION:** Knowledge of the claim handling with respect to Plaintiff's claim. |
| | |

| Name, Title, Address | Subject Matter |
|---|---|
| Financial Indemnity Company Corporate Witness(s) under Fed. R. Civ. P. 30(B)(6), in care of Defendant's counsel. | **PLAINTIFF'S CONTENTION:**<br><br>These individuals will testify regarding their knowledge of Defendant's practices, policies and procedures related to the sale and solicitation of property and casualty insurance along with information that is relevant to underinsured motorist coverage and actuary, network architecture, strategic planning, adjustment of claims, marketing, business intelligence, communications, and forms.<br><br>The basis for denying UIM in this matter.<br><br>These individuals may also testify regarding their corporate training practices regarding the sale, solicitation, and marketing of UIM as well as how these corporate practices relate to fully informing consumers, insureds, and the consumer public.<br><br>Additionally, a 30(B)(6) witness will have knowledge regarding the application forms and how they are adjusted to comply with New Mexico law. |
| Custodians of records | **PLAINTIFF'S CONTENTION:**<br><br>Introduction of exhibits |
| Medical Providers | **PLAINTIFF'S CONTENTION:**<br><br>Damages, if contested |

List all documents which you believe, at this time, will be exhibits at the trial.

**JOINT CONTENTION:**

Copies of Plaintiff's insurance policy documents.

Copies of Plaintiff's insurance application.

Copies of Plaintiff's claim file.

Copies of Defendant's applicable UIM rate filing with the New Mexico Insurance Department

Copies of documents reflecting the value of UIM coverage to Plaintiff and to putative class members.

### **PLAINTIFF'S CONTENTION**

Copies of ISO forms including, but not limited to applications, policies, and claims.

Copies of training materials used for sales, solicitation, and marketing of underinsured motorist coverage.

Copies of the putative class claim files

Copies of communications, written and electronic, including, but not limited to training, sales, solicitation, marketing, analysis, actuary analysis, decision making, capital profit, business intelligence, agents, brokers regarding underinsured motorist coverage.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Defendant has not retained an expert at this time. Plaintiff has not retained an expert at this.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

### **JOINT CONTENTION**

Information regarding Plaintiff's automobile accident.

Information regarding Plaintiff's application for UIM insurance coverage and any communications between Plaintiff and her agent, or between Plaintiff and Defendant.

Information regarding Plaintiff's knowledge of New Mexico law and the contents of her insurance policy.

Information regarding the value of UIM coverage to Plaintiff and to putative class members.

Information regarding Plaintiff's adequacy and typicality as a class representative.

Information about whether the prerequisites of Fed. R. Civ. P. 23 are satisfied.

## PLAINTIFF'S CONTENTION

1. Defendant's corporate practices for the sale and solicitation of property and casualty insurance as it relates to the sale and solicitation of underinsured motorist coverage in New Mexico along with the corporate practice of the sale and solicitation of underinsured motorist coverage in other states. Specifically seeking information regarding the corporate practice of how underinsured motorist coverage is sold and solicited when the offset is applied.

2. Defendant's corporate statistics used to calculate insurance risks and premiums, or Actuary, including complete trend and loss ratio analyses by business segment/line of business and state; Modeling and exposure management measures; Capital allocation estimates and processes; and, Implementation of data and information strategy as it relates to Defendants corporate practice of the sale and solicitation of underinsured motorist coverage, offsets, rules, regulations, and laws;

3. Strategic planning, formation and evaluation of corporate growth and capital deployment as it relates to the underinsured motorist coverage, offsets, regulations, laws and other policies that effect claims;

4. Adjustment of claims, investigations, and computer assisted technology as it relates to the corporate practice of selling and soliciting underinsured motorist coverage, offsets; regulations, laws, and policies;

5. Marketing, customer experience optimization, touchpoints, independent insurance agent journey, and on-line systems; loyalty incentive programs for the sale of underinsured motorist coverage; and, interactive training programs including whether the sale of minimum underinsured policies is incentivized to boost profits.

6. Business intelligence and information regarding the enhancement and facilitation of corporate decision-making capabilities and interaction with business customers, i.e. agents and brokers as it relates to the sale and solicitation of underinsured motorist coverage, offsets and training. Additionally, how rules, regulations, laws, and policies effect the above descriptions.

7. Communications, written or electronic, between Defendant and its business customers, including agents and/or brokers, pertaining to the marketing, solicitation, and/or sale of underinsured motorist coverage and other relevant insurance.

8. The use of standardized forms including, but not limited to ISO forms, application forms, policy form, and claim forms. How the forms are changed or altered to adhere to the diverse laws, regulations, policies of the states in which insurance is sold.

9. Underinsured motorist sales, including training and enablement of underinsured motorist sales, corporate practices to process, integrate, and execute sales; design and creation of sales materials; and materials used by Defendant and its agents/brokers to market, solicit, incentivize, and sell underinsured motorist coverage.

10. Information regarding any and all underinsured motorist claims including but not limited to the following:

   a) Opened claims;
   b) Denied claims;
   c) Paid claims.

**JOINT CONTENTION**

Maximum of 25 interrogatories by each party to any other party. (Responses due 45 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 45 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of [Plaintiff]) limited to maximum of 7 hours unless extended by agreement of parties or order of the Court.

Reports from retained experts, if any, under Rule 26(a)(2), for class certification purposes, due:

   from Plaintiff(s) by **December 21, 2017**

   from Defendant(s) by **February 19, 2018**

Supplementation under Rule 26(e) due **March 21, 2018** *(set time(s) or interval(s)).*

All class certification fact discovery commenced in time to be complete by December 21, 2017**. All class certification expert discovery commenced in time to be complete by March 21, 2018.**

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

The parties agree to the following phased discovery schedule for class certification and merits discovery:

A. Class certification discovery shall be completed by **December 21, 2017.**

B. Merits discovery and trial schedules will be set upon the Court's ruling on class certification**.**

## PRETRIAL MOTIONS

Plaintiff intends to file: Plaintiff intends to file a Motion for Class Certification. The parties agree that Plaintiff shall file its Motion for Class Certification by **December 21, 2017;** Defendant's Response shall be due **February 19, 2018**; Plaintiff's Reply shall be due **March 21, 2018.** The class certification hearing shall be held thereafter on a date and at a time set by the Court**.**

Defendant intends to file: Defendant has filed a Motion to Dismiss. If that Motion is not successful, Defendant may file a Motion for Summary Judgment.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 21 days. The trial date shall be set after the class certification proceedings are completed.

\_\_\_\_ This is a non-jury case.

\_\_X\_\_ This is a jury case.

The parties request a pretrial conference in _____.

## SETTLEMENT

The possibility of settlement in this case is considered unlikely, but the issue may be revisited after the Court's rulings on Defendant's Motion to Dismiss and, if necessary, Plaintiff's Motion for Class Certification. The parties do not request a settlement conference at this time.

## **EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

                          APPROVED WITH/WITHOUT EXCEPTIONS
                          (note exceptions above)

                          */s/ Kedar Bhasker*
                          For Plaintiff

                          */s/ Alicia M. Santos*
                          For Defendant

                          */s/ Mark L. Hanover*
                          For Defendant