# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HELEN BHASKER, on behalf of herself
and all others similarly situated,

      Plaintiff,

    vs.                                                    1:17-cv-00260-KWR/JHR

FINANCIAL INDEMNITY COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion to Stay filed March 22, 2019 **(Doc. 113).** In this putative class action, Plaintiff alleges that Defendant misrepresented the terms of her underinsured motorist coverage and that the coverage it sold her is illusory. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Stay pending an answer by the New Mexico Supreme Court to the question certified in *Crutcher v. Liberty Mutual Insurance Co.*, 1:18-cv-412 JCH/LF (D.N.M.). Moreover, the pending Motion to Certify Class Action **(Doc. 128)** and Motion for Summary Judgment **(Docs. 134 and 135)** are **DENIED WITHOUT PREJUDICE.** The parties may refile these motions, if appropriate, after the New Mexico Supreme Court answers the certified question and the stay is lifted.

## I.    Background

Plaintiff alleges she was injured in a June 24, 2015 accident with an underinsured motorist. Plaintiff was covered by an auto insurance policy issued by Defendant. Plaintiff carried insurance at New Mexico's minimum amounts, which provide bodily injury coverage of $25,000 per person and $50,000 per accident. She also purchased uninsured/underinsured (UM/UIM) motorist coverage in the same amounts.

She received the full extent of the at-fault driver's liability coverage, $25,000. She sought coverage under her own minimum-level uninsured/underinsured motorist coverage. Defendant denied coverage, because it offset the $25,000 she received from the at-fault driver against her underinsured motorist coverage of $25,000. **(Doc. 12, ¶ 44).**

Plaintiff alleges that Defendant misled her or failed to inform her that underinsured motorist coverage, when purchased at the minimum level, is "illusory." She alleges that "a purchase of 25/50 underinsured coverage, when triggered by a crash with a tortfeasor who has 25/50 bodily injury liability limits, will result in a payment of premium for which no payment of benefits will ever occur and therefore violated plaintiff and other insureds reasonable expectations of benefiting from underinsured coverage." **(Doc. 12, ¶ 48.)**.

In her First Amended Complaint **(Doc. 12)**, Plaintiff asserted the following claims:

Count I: Negligence;
Count II: Violation of the New Mexico Unfair Trade Practices Act;
Count III: Violation of the New Mexico Unfair Insurance Practices Act;
Count IV: Breach of Contract and Claim for Underinsured Motorists Coverage;
Count V: Breach of the Covenant of Good Faith and Fair Dealing;
Count VI: Injunctive Relief;
Count VII: Declaratory Relief; and
Count VIII: Punitive Damages.

On March 22, 2019, Defendant filed a motion to stay this case. **Doc. 113.** United States District Judge James O. Browning held a hearing on this motion. He indicated at the hearing that the motion would be denied, but he would issue a subsequent written opinion.

On October 29, 2019, Plaintiff filed a motion to certify the following class:

All persons (and their heirs, executors, administrators, successors, and assigns), from whom FIC collected a premium for UIMBI coverage after August 14, 1985 to present, on a policy that was issued or renewed in New Mexico by FIC and that purported to provide UIMBI coverage, but which effectively provides no UIMBI coverage and/or misleading UIMBI coverage, because of the statutory offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company,* 704 P.2d 1092 (1985).

**Doc. 128, p. 13.** Defendant subsequently filed a motion for summary judgment. **Docs. 134, 135.**

II.     Analysis

This putative class action arises out of a dispute over "underinsured motorist coverage" in an automobile policy. NMSA § 66-5-301 ("underinsured motorist means an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage."). Plaintiff alleges that underinsured motorist coverage provided by Defendant is illusory or misleading, as a minimally insured driver will receive either no underinsured motorist coverage or substantially reduced coverage once the statutory offset above is applied.

There are now multiple putative class actions in this district asserting similar claims against various insurers. *See Martinez v. Progressive Preferred Ins. Co.*, 1:19-cv-00004 JHR/KK; *Palmer v. State Farm Mut. Auto. Ins. Co.*, 1:19-cv-00301; *Thaxton v. GEICO*, No. 18-cv-306 MV-KK; *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 1:18-cv-00328-WJ-SCY; *Crutcher v. Liberty Mut. Ins. Co.*, No. 1:18-cv-00412-JCH-LF; *Belanger v. Allstate Ins. Co.*, 1:19-cv-317 WJ-SCY; *Apodaca v. Young American Ins.* Co., No. 1:18-cv-00399 RB/JHR; *Palmer v. State Farm Mut. Ins. Co. et al.*, 1:19-cv-00301 WJ/JFR.

In *Crutcher*, United States District Judge Judith Herrera certified, and the New Mexico Supreme Court accepted, the following question:

> Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

1:18-cv-412, Doc. 53 at 8, Certification Order to the N.M. Supreme Ct. (D.N.M. Jan. 9, 2019) (the "certified question").

An answer to Judge Herrera's certified question may resolve substantial issues in this case, including the core issue of whether Defendant sold Plaintiff illusory coverage. *See id.* at 8 ("is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits illusory … and if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?"). Depending on the New Mexico Supreme Court's answer, the definition and scope of the putative class may also change.

The pending motion for summary judgment seeks a ruling on whether underinsured motorist coverage sold at minimum levels is illusory. If the Court were to rule now on that motion, it risks ruling in a manner contrary to the New Mexico Supreme Court. Proceeding now would also waste both the parties' and the Court's resources while a potentially dispositive answer by the New Mexico Supreme Court is pending. *See, e.g., Schwartz v. State Farm Mutual Automobile Insurance Company*, **Doc. 55**., No. 1:18-cv-00328-WJ/SCY (D.N.M. Apr. 15, 2019) (certified question may resolve substantial issues in putative class action and it would be a waste of resources to proceed further).

The Court notes that all other similar cases in this district have been stayed pending the New Mexico Supreme Court's answer. *Supra,* p. 3. Although this case is now fairly far along, the dispositive summary judgment motion is not fully briefed. Moreover, the motion to certify has not gone to hearing or been ruled upon.

The Court acknowledges that the Honorable James O. Browning issued a preliminary oral ruling denying the motion to stay. **Doc. 123.** However, Judge Browning also stated he would

issue a subsequent written ruling. *Id.* The Court finds that any prejudice to Plaintiff is outweighed by the need to avoid wasting resources and to avoid issuing a ruling contrary to the law.

Moreover, the current briefing on the pending motions will be out of date once the New Mexico Supreme Court answers the certified question. The Court would likely benefit from the parties' interpretation of the New Mexico Supreme Court's answer. Therefore, the Court will deny without prejudice the Motion to Certify and Motion for Summary Judgment. *See, e.g.*, *Martinez*, 1:19-cv-00004 JHR-KK, (Doc. 38) (denying motion to dismiss without prejudice and staying case pending an answer to the certified question by the New Mexico Supreme Court); *Schwartz*, 1:18-cv-00328-WJ-SCY (same).

### III. Conclusion

For the reasons stated in this Opinion, the Court will **STAY** this case until the question certified by Judge Herrera in *Crutcher* is answered by the New Mexico Supreme Court. Moreover, the Court will deny the remaining pending motions without prejudice. The parties may refile these motions once the New Mexico Supreme Court answers the certified question.

**IT IS THEREFORE ORDERED** that the Motion to Stay **(Doc. 113)** is **GRANTED** as described in this Opinion;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify **(Doc. 128)** and Defendant's Motion for Summary Judgment **(Docs. 134, 135)** are **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the New Mexico Supreme Court's answer to the question certified by Judge Herrera in *Crutcher*;

5

**IT IS FINALLY ORDERED** that the parties shall, within 14 days of the date that the New Mexico Supreme Court answers the certified question, file a status report with the Court.

_____
KEA W. RIGGS
United States District Judge