**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HELEN BHASKER,
on behalf of herself and all others similarly
situated,

            Plaintiff,

    vs.

FINANCIAL INDEMNITY COMPANY,


            Defendant.

No.  1:17-cv-00260-KWR-JHR

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND DIRECTING NOTICE TO THE CLASS**

The parties have reached a Settlement in this case. Through an unopposed Motion for

Preliminary Approval of Class Settlement (**Doc. 178**), they seek, among other things, that the

Court: (1) certify the proposed Class for Settlement purposes; (2) grant preliminary approval of

the Settlement Agreement ("Agreement"); (3) direct notice to the Settlement Class; and (4) set a

Final Settlement Hearing.  For the reasons stated below, the Motion is **GRANTED.**

Plaintiff, Helen Bhasker, on behalf of herself and the proposed Settlement Class, and

Defendant, Financial Indemnity Company, individually and on behalf of all affiliated entities,

including, but not limited to, Financial Indemnity Company, Unitrin Auto and Home Insurance

Company, Unitrin Safeguard Insurance Company, Response Worldwide Insurance Company and

Merastar Insurance Company  (collectively, "Financial aka Kemper/Unitrin") (all capitalized

terms herein shall have the same meaning as in the Agreement), all acting by and through their

respective counsel, have agreed, subject to Court approval following sending of the Class Notice

to the Settlement Class and a hearing, to settle this Action upon the terms and conditions in the

Agreement, filed with the Court on **January 31, 2023**; and

The parties have made an application for preliminary approval of the Settlement of this Action, as set forth in the Agreement; and

The Court has read and considered the Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed, and with good cause appearing,

**IT IS HEREBY ORDERED:**

1.       This Preliminary Approval Order incorporates by reference the definitions in the Agreement.

2.       The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Named Plaintiff, all Settlement Class Members and Financial aka Kemper/Unitrin.

3.       The Court **PRELIMINARILY APPROVES** the Agreement, and preliminarily finds the settlement to be fair, reasonable, and adequate to the Settlement Class, but such finding is not to be deemed an admission of liability or fault by Financial aka Kemper/Unitrin or by any other person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Financial aka Kemper/Unitrin.  Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the released persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the released persons, except that Financial aka Kemper/Unitrin may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim relating to the Released Claims set forth in the Agreement.

4.        This Court has made a preliminary inquiry into the requirements of Fed. R. Civ. P. 23(a) and (b)(3).  The Court briefly addresses each factor and, for purposes of Settlement, finds that the proposed Settlement Class is suitable for class treatment.

5.        For purposes of Settlement, the Named Plaintiff possesses standing and the proposed Settlement Class is adequately defined and ascertainable.  The Settlement Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and only includes insureds who also suffered redressable harm, so is not overbroad.  Thus, for purposes of Settlement, the threshold requirements for class certification – standing, adequate definition, and ascertainability – are satisfied.

6.        For purposes of Settlement, the Class is sufficiently numerous, there are questions of law and fact common to the Settlement Class (including whether the subject UIM coverage was illusory or misleading), and Plaintiff's claims are typical of the Settlement Class.  In addition, both Plaintiff and Class Counsel are adequate representatives of the Settlement Class. Thus, the requirements to certify a class prescribed by Rule 23(a) are satisfied as to the Settlement Class for purposes of Settlement.

7.        For purposes of Settlement, the Settlement Class is certifiable under Rule 23(b)(3) because, for purposes of preliminarily approving the Settlement Class, common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue.

8.      Financial aka Kemper/Unitrin maintains all defenses to certification and this Order shall not be used as evidence or be interpreted in any way to be relevant to whether a litigation class should have been certified for class treatment.

9.      The Court approves, as to form and content, the Class Notice.

10.     All dates that are set forth in or that otherwise flow from the Preliminary Approval Order shall be added to the Class Notice before it is mailed to Class Members.

11.     The Court finds the Class Notice constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who can be identified through reasonable effort and constitutes valid and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

12.     The Class Notice procedure shall be as set forth below and in the Agreement.

a)   Notice of the pendency of the Action and of the Settlement shall be made pursuant to the terms of the Agreement, including mail notice.

b)   Within sixty (60) days of this Order, the Claims Administrator, shall cause copies of the Class Notice to be sent in accordance with the Agreement, which shall constitute the Initial Notice Date.  The Class Notice shall be sent only to Settlement Class Members, not to any of their attorneys, whether known or unknown, in connection with their original claim to Financial aka Kemper/Unitrin or otherwise.

c)   The Claims Administrator shall provide further copies of the Class Notice to Class Members upon request.

d)   All costs and expenses incurred in providing notice to Settlement Class Members shall be paid by Financial aka Kemper/Unitrin as set forth in the Agreement.

e)   Neither Financial aka Kemper/Unitrin, nor Plaintiff, nor any of the Released

Persons, nor any of the Releasing Parties, nor any of their counsel, shall be liable

for any act, or failure to act, of the Claims Administrator.

13.   Consistent with the Agreement, the Court **CONDITIONALLY APPROVES** the

following Settlement Class:   All persons (and their heirs, executors, administrators, successors

and assigns) who, during the Class Period, were insured under New Mexico automobile

insurance policies issued by Financial which included UIM coverage.  Excluded from the Class

are:  all present or former officers and/or directors of Financial, Class Counsel and their resident

relatives, the Judge in the Action and her resident relatives, and Financial's counsel of record in

the Action and their resident relatives.

14.   If final approval of the Proposed Settlement is not obtained, this certification

order, including the above description of the Settlement Class, shall be vacated and of no further

force or effect.

15.   The Court **APPOINTS** Helen Bhasker as Class Representative, and Kedar

Bhasker, Corbin Hildebrandt, and Geoffrey R Romero as Class Counsel.

16.   The Court **APPOINTS** Epiq Systems, Inc., as the Claims Administrator for this

matter.

17.   Settlement Class Members who wish to comment on, object to or exclude

themselves from the Settlement must do so in accordance with the instructions contained in the

Agreement and Class Notice.  Exclusion requests must be postmarked no later than 30 days

before the Final Settlement Hearing.  All persons who properly submit requests for exclusion

shall not be members of the Settlement Class and shall have no rights with respect to the

Settlement.  All Settlement Class Members who do not validly request exclusion shall be bound

by any final judgment and order of dismissal entered pursuant to the Settlement, shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims against any and all of the Released Persons, and any such Settlement Class Member shall be conclusively deemed to have released any and all such Released Claims.

18.    A **Fairness Hearing** shall be held on **Wednesday, April 5, 2023, at 10:30 a.m. (local time)** before the Honorable Kea W. Riggs, **via Zoom Videoconferencing**, for the purpose of determining: (a) whether the Proposed Settlement as set forth in the Agreement is fair, reasonable and adequate and should be finally approved by the Court; (b) whether a Final Judgment, granting final approval of the Agreement and dismissing the Action with prejudice should be entered; (c) whether the Class Representatives should receive a Class Representative award and in what amount; (d) whether Class Counsel should receive a fees and costs award and in what amount; and (e) such other matters as the Agreement contemplates and as the Court may deem just and proper. **Counsel of record shall be notified via e-mail regarding the details of the Zoom videoconferencing session.**

19.    Any application by Class Counsel for Attorneys' Fees and Costs, and all papers in support thereof, and any application for a Class Representative Award, shall be filed with the Court at least ten (10) days prior to the Final Settlement Hearing.

20.    All other papers in support of the Settlement or responding to objections or motions to intervene shall be filed at least fifteen (15) days prior to the Final Settlement Hearing.

21.    Any Class Member who has not requested to be excluded from the Class may appear and endeavor to show cause, if any, why the Court should or should not:  (a) approve the Proposed Settlement as set forth in the Agreement as fair, reasonable and adequate; (b) provide for a Class Representative Award; (c) provide for a fee and expense award to Class Counsel; and

(d) enter the Final Judgment finally approving the Settlement.  Provided, however, that no person

shall be heard with respect to, or shall be entitled to contest the foregoing matters unless, no later

than 30 days prior to the Final Settlement Hearing, that person has properly filed a Notice of

Objection with the Clerk of the Court, and served upon the following:

| The Court: | For the Class: | For Financial: |
|---|---|---|
| | Kedar Bhasker | |
| Clerk of the Court | 2741 Indian School Rd. NE, | Alicia M. Santos |
| United States District Court | Suite 208 | O'BRIEN & PADILLA, P.C. |
| Pete V. Domenici United States | Albuquerque, NM 87106 | 6000 Indian School Road NE |
| Courthouse | | Suite 200 |
| 333 Lomas Blvd NW | Corbin Hildebrandt | Albuquerque, NM 87110 |
| Albuquerque, NM, 87102 | Corbin Hildebrandt, P.C. | |
| | 2741 Indian School Rd. NE. | |
| | Albuquerque, NM 87106 | Mark L. Hanover |
| | | DENTONS US LLP |
| | Geoffrey R Romero | 233 S. Wacker Dr. |
| | Law Offices of Geoffrey R. | Suite 5900 |
| | Romero | Chicago, IL 60606 |
| | 4801 All Saints Road, NW | |
| | Albuquerque, NM 87120 | |

The Notice of Objection, to be valid, must be in writing and contain the following information:

(a) a heading which refers to the Action; (b) the name, address, telephone number and signature

of the Settlement Class Member filing the objection; (c) a statement whether the objector intends

to appear at the Final Settlement Hearing, either in person or through counsel, and, if through

counsel, identifying counsel by name, address and phone number; (d) a detailed statement of the

specific legal and factual bases for each and every objection, and if through counsel, a legal

memorandum in support of the objection; (e) a list of any witnesses, along with the expected

testimony of each such witness, and photocopies of exhibits which the objector intends to

introduce at the Final Settlement Hearing; (f) a detailed description of any and all evidence the

objector may offer at the Final Settlement Hearing, if the objector intends to speak at the hearing;

and (g) documentary proof of membership in the Settlement Class.  If the Settlement Class

Member is represented by an attorney, he or she or it must comply with all applicable laws and

rules for filing pleadings and documents.  The notice of intent to object, to be effective, also must be submitted by the objector or a legally authorized representative on an individual basis and not as part of a group, class or subclass.

22.	Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided for herein, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

23.	The Court may adjourn the Final Settlement Hearing from time to time and without further notice to the Settlement Class Members.  The Court reserves the right to approve the Settlement at or after the Final Settlement Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class Members.  The Court further reserves the right to enter a Final Judgment, dismissing the Action with prejudice as to Financial and against the Named Plaintiff and the Settlement Class Members at or after the Final Settlement Hearing and without further notice to the Settlement Class Members.

24.	This Action shall be stayed pending further proceedings in connection with the effectuation of the Proposed Settlement.

25.	Pending final determination as to whether the Settlement, as set forth in the Agreement, should be approved, no Settlement Class Member shall commence, prosecute, pursue, or litigate any Released Claims against any Released Person, whether directly, representatively, or in any capacity, and regardless of whether or not any such Settlement Class Member has appeared in the action.

**IT IS SO ORDERED.**

**DATED:  FEBRUARY 6, 2023.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**