IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| HELEN BHASKER,<br>on behalf of herself and all others similarly situated,<br>    Plaintiff,<br><br>vs.<br><br>FINANCIAL INDEMNITY COMPANY,<br><br>    Defendant. | No.  17-cv-00260-KWR-JHR |

**UNOPPOSED MOTION AND BRIEF IN SUPPORT OF
FINAL APPROVAL OF CLASS SETTLEMENT**

  The Class Representative, Helen Bhasker, hereby moves the Court pursuant to Federal Rule of Civil Procedure 23(e) for the entry of a Final Order and Judgment, attached herewith as Exhibit 1, which: (1) grants final approval of the proposed Settlement as fair, adequate, and reasonable; (2) approves the form, content, and manner of the Settlement Class Notice; (3) approves attorney's fees, litigation expenses and incentive award; (4) finds there are no objections to the proposed Settlement and that the Settlement is binding as to all Class Members except for the two (2) who opted out; and (5) grants any other relief the Court deems just and proper.  Defendant, Financial Indemnity Company ("Financial") does not oppose the relief requested herein, but does take the position that while this case is appropriate for a settlement class, it would not be appropriate for a litigation class, and has reserved all its rights in this regard should a settlement not eventuate for any reason.

**Litigation and Procedural Background**

  This litigation was initiated in state court on December 31, 2016, the case was later removed to this Court, and on March 23, 2017 Plaintiff filed her First Amended Complaint, *Bhasker v. Financial Ins. Co.,* Case No. 17-cv-00260 (the "Action"). **Doc. 12**.

1

Plaintiff alleges Defendant misled New Mexico consumers into purchasing uninsured/underinsured motorists bodily injury ("UIM") coverage by failing to explain the effect of an offset against UIM coverage of the tortfeasor's liability coverage pursuant to *Schmick v. State Farm Mutual Automobile Insurance Company*, 1985-NMSC-073, 103 N.M. 216, 704 P.2d 1092.

On April 28, 2017, Financial moved to dismiss Plaintiff's First Amended Complaint and the Court denied Financial's motion. **Doc. 15**. On January 10, 2018, the Court issued a Memorandum Opinion and an Order denying Financial's Motion to Dismiss. Doc. 48. On January 19, 2018, Financial answered Plaintiff's First Amended Complaint. **Doc. 49**. On April 4, 2018, Financial moved for judgment on the pleadings. **Doc 58**. On February 7, 2019, the Court issued a Memorandum Opinion and an Order denying Financial's Motion for Judgment on the Pleading. **Doc. 107**.

The Parties engaged in significant discovery into the claims and defenses, including review and analysis of claims files, training materials, and policies and procedures and conducting corporate depositions and the day long deposition of Ms. Bhasker.

On October 13, 2021, Financial moved for summary judgment and the Court denied Financial's motion. **Docs. 142 and 162**. On November 17, 2021, Plaintiff moved for class certification and the Court denied Plaintiff's motion but held that Plaintiff had demonstrated that Plaintiff's claims met the numerosity, commonality, typicality, and predominance and superiority elements of Rule 23(a) and (b)(3). **Docs 152 and 164**. On April 15, 2022, Plaintiff moved to appoint class counsel and amend/correct the Court's order denying class certification, with a corrective disclosure that Plaintiff contended obviated the initially expressed concern by the Court with the adequacy of Class Counsel. **Doc. 165**. On April 29, 2022, Financial filed a response to Plaintiff's motion to appoint class counsel and amend/correct the Court's order denying class certification. **Doc. 166**.

On August 10, 2022, the Court entered an Order adopting the Parties' Joint Status Report, providing that the Parties shall file their next Joint Status Report on or before October 11, 2022

which advises the Court of the outcome of the Parties' mediation and addressed the need for the filing of a Reply to Plaintiff's Motion to Alter or Amend the Court's Certification Order Pursuant to Rule 23(c)(1)(C) and appoint Class Counsel Pursuant to Rule 23(g) in the event the mediation was not successful. **Doc. 171**.

Starting on September 27, 2022, with a full-day mediation session overseen by experienced neutral Rodney Max, the Parties engaged in arm's length negotiations; and on September 29, 2022 the Parties informed the Court that they had reached an agreement in principle to settle this litigation. **Doc. 172**;

Plaintiffs, through their counsel, believe that the Settlement confers substantial benefits on the Settlement Class and is in the best interest of the Settlement Class. It is also understood that Plaintiffs, through their counsel, believe that their claims have substantial merit.  Nonetheless, Plaintiffs, through their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendant through motions practice, trial, and potential appeals. They have also considered the uncertain outcome and risks of further litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs' counsel is experienced in insurance litigation and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and specifically in this Action. Plaintiffs' Counsel has determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class.

Defendant continues to deny each and all of the claims and contentions alleged against it in the Action. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Action. However, Defendant has concluded that further litigation would be protracted and expensive. Defendant has considered the uncertainty and risks inherent in any litigation, and Defendant has therefore determined that it is desirable and beneficial that the Action be settled in the

manner and upon the terms and conditions set forth in this Settlement Agreement.

I. **Final Approval of Settlement, Notice, Plan of Allocation and Attorney Fees and Administrative Costs.**

As demonstrated below, the Settlement is fair, adequate, and reasonable and, therefore, should be finally approved. Additionally, the Notice to the Class constituted fair and adequate notice and was best practicable Notice under the circumstances, satisfying all requirements of due process and Fed. R. Civ. P. § 23.

 A. **Final Approval of the Settlement.**

Under Fed. R. Civ. P. § 23(e), the trial court should approve a class action settlement under the circumstances set forth below, which are all present here.

In *Wells v. Best Buy, Co.(In re Samsung Top-Load Washing Mach. Mktg., Sales Practices & Prods. Liab. Litig.)*, 997 F.3d 1077, ¶¶ 19-21 (10th Cir. May, 2021), the Tenth Circuit set forth the necessary findings:

  (A) the class representatives and class counsel have adequately represented the class;

  (B) the proposal was negotiated at arm's length;

  (C) the relief provided for the class is adequate, taking into account:

   (i) the costs, risks, and delay of trial and appeal;
   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
   (iv) any agreement required to be identified under Rule 23(e)(3); and

  D) the proposal treats class members equitably relative to each other.

 Fed. R. Civ. P. 23(e)(2)(A)-(D) (emphasis added). This court has further noted four factors for evaluation by a district court:

>(1)     whether the proposed settlement was fairly and honestly negotiated;
>
>(2)     whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
>(3)     whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
>(4)     the judgment of the parties that the settlement is fair and reasonable.

Examination of each factor above cited supports final approval of this Settlement.

**1.    The Settlement Was Fairly and Honestly Negotiated.**

The first factor supports final approval, because the Settlement was fairly and honestly negotiated. When, as here, a settlement results from "arm's length negotiations between experienced counsel after significant discovery occurred, the Court may presume the settlement to be fair, adequate, and reasonable." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006); *see also, Reed v. Gen. Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiating at arm's length cannot be gainsaid."); *Marcus v. Kan. Dept. of Revenue*, 209 F. Supp. 2d 1179, 1182 (D. Kan. 2002) ("When a settlement is reached by experienced counsel after negotiations in an adversarial setting, there is an initial presumption that the settlement is fair and reasonable.") The Settlement, here, was reached only after years of litigation, intensive discovery, multiple mediations and extensive arm's length negotiations between the parties. The Settlement affords potentially hundreds of Class members a first or even second opportunity to receive UM/UIM benefits for car accidents that might have resulted in serious injuries, for which they might not otherwise have a source of relief or additional relief where the Class Member may have not been fully compensated. Without a Settlement, a Class member might not know of his or her right to assert a UM/UIM Coverage claim, or that a claim previously asserted and was not paid—unless he or she was represented by counsel. This is an enormous benefit to the Class. Settlement

class members who were not injured in a car crash have an opportunity to receive a portion of their premiums paid for UM/UIM coverage, to as far back as January 2010. In addition to the benefits provided for class members who sustained injuries the settlement provides the option/opportunity for class members to receive a partial reimbursement of UM/UIM premiums paid. Based on the voluntary data provided to Plaintiff's counsel at mediation, Defendant collected $4,285,261 in UM/UIM premiums since January 1, 2010. Doc. 178, Unopposed Motion Seeking Preliminary Approval. A 25% return of premiums therefore confers a confirmed available class settlement benefit in the amount of $1,071,315.25. Additionally, according to the claims administrator's declaration, there were two fatalities confirmed by Defense Counsel, where the estates will receive $125,000 and there is a total of 283 claim for 271 unique class members, in addition to any claims received by the claims administrator following the filing deadline, which will be reviewed by the Defendants that will determine the UIM or premium benefits that could be paid. See Exhibit 2 attached herewith, Declaration of Robert Coomes, Senior Project Manager, Epiq Class Action & Claims Solutions, Inc. In this regard, it should be noted that there are still 75 days in the claim period for claim activity to be added to the already robust amount of claims received.

**2.   Questions of Law and Fact Exist, Making the Outcome of Litigation Uncertain Without Approval of the Settlement.**

Questions of law and fact exist such that, absent the Settlement, the outcome of this case would be placed in doubt. "Although it is not the role of the Court at this stage of the litigation to evaluate the merits . . . it is clear that the parties could reasonably conclude that there are questions of law and fact that exist such that they could significantly impact the case if it were litigated." *Lucas*, 234 F.D.R. at 693-94 (citing *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273 at 284 (D. Colo. 1997)).

### 3. The Value of the Immediate Recovery Outweighs the Mere Possibility of Future Relief After Additional Litigation and Expense.

Because the immediate value of an unlimited Settlement amount outweighs the complexity, uncertainty, expense, and likely duration of further litigation and appeals, the third factor also supports final approval of the proposed Settlement. "The class will be well- compensated . . . and is better off receiving compensation now as opposed to being compensated, if at all, several years down the line, after the matter is certified, tried and all appeals are exhausted." *Childs v. Unified Life Ins. Co.*, 2011 WL 6016486, at *13 (N.D. Okla. 2011). The Settlement is a significant and meaningful recovery for the Class and represents a very substantial percentage of the amount that could be recovered if litigated to the conclusion. Very few, if any, members of the class either did or would file individual litigation claims, especially without Plaintiff's counsel's successful prosecution of the parallel case, *Crutcher v. Lib. Mut. et. al.*, 18-cv-00412-JH, see also *Crutcher v. Lib. Mut. et. al.*, 2022-NMSC-001, after which the New Mexico Supreme Court found that a parallel carriers could be liable for policy language which misrepresented the impact of the *Schmick* offset, or failed to adequately disclose it, the legal predicate of the same claims made in this case. As a result, and benefit of what happened in *Crutcher*, almost all auto insurance carriers in New Mexico sent out notices to their insureds attempting to rectify the misrepresentations and omissions identified by the New Mexico Supreme Court and at least beginning a dialogue about the costs of, and limitations or exclusions to, underinsured motorist benefits.

### 4. The Settling Parties Agree the Proposed Settlement Is Fair, Reasonable and Adequate.

Finally, the Settling Parties and their Counsel have signed the Settlement, indicating their belief that the Settlement is fair, adequate, and reasonable. "Counsels' judgment as the fairness of the agreement is entitled to considerable weight." *Lucas*, 234 F.R.D. at 695 (quoting *Marcus*, 209 F. Supp. 2d at 1183). "[T]he Court should . . . 'defer to the judgment of experienced counsel who has

competently evaluated the strength of his proof.'" *Johnson v. City of Tulsa*, No. 94-CV-39-H(M), 2003 WL 24015151. *11 (N.D. Okla. May 13, 2003). As such, the fourth factor – that the settling parties agree the settlement is fair, adequate, and reasonable – supports final approval. Additionally, pursuant to the Parties' Agreement, this motion seeks the appointment of Raynard Struck as the Neutral Evaluator in this matter to perform the functions of the neutral evaluator set forth in the Parties' Settlement Agreement, which will be to resolve, in binding fashion, any disputes over the required reevaluation of claims submitted under the claim reevaluation option provided to the class.

     **5.**      **The Class Overwhelmingly Supports the Settlement.**

The lack of any objections and the recognition of only two opt-outs representing approximately 2/271 of a percent interest in the Class also supports the Settlement. *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3rd Cir. 1990) (Objections by only 10 percent of the class "strongly favors settlement"); *see also, Mohammed v. Ells*, 2014 WL 4212687 at *4 (D. Colo. August 26, 2014) (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2nd Cir. 2000) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2nd Cir. 2000) (Where 27,883 notices were sent to class members, but only 72 class members requested exclusion from the settlement and only 18 class members objected, court stated that "this small number of objections weigh[s] in favor of the settlement"). Here, only two Class Members submitted an opt out request and no objections were received after 8,201 Notices were mailed and 2,024 emails delivered. See Exhibit 2. 283 total claims were received and are still being received and processed by the claims administrator, and there are still approximately 75 days remaining for claims to be filed. Therefore, the Settlement has received overwhelming support from the Class. Id.

     **B.**      **Final Approval of the Form, Content, and Manner of Notice to the Class.**

The form, content, and manner of the Notice to the Class also should be finally approved.

Fed. R. Civ. P. § 23(e)(1) requires that notice of a settlement be "in a reasonable manner to all class members . . .".

In terms of content, a settlement notice need be reasonably calculated, under all of the circumstances, to apprise the interested parties of the pendency of the proposed settlement and to afford them an opportunity to present their objections. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "The hallmark of the notice inquiry is reasonableness." *Lucas*, 234 F.R.D. at 693-96.

In the Amended Preliminary Approval Order [Doc. 182], the Court approved the Notice of Proposed Settlement of Class Action (the "Notice"). The Court originally appointed Epiq as Class Administrator. Doc. 182. Epiq was the entity retained by the Parties to act as the administrator in connection with this proposed settlement and as the authorized agent to effect mailing of the Notice of Class Action and Proposed Settlement (the "Notice") to members of the Class, and to allocate and disburse funds. All names and addresses of the Class were provided by the Defendant. Pursuant to the Amended Preliminary Approval Order entered by this Court on February 8, 2023 [Doc. 182], the Class Administrator mailed copies of the Notice by first-class mail to each of the potential Class Members. The Class Notice was mailed as directed, see Exhibit 2. New addresses or new names and addresses were found for several Members or potential Members of the Class through the efforts described in the declaration, or 166. Id. The potential Class List was updated with these new addresses.

The efforts of Class Counsel to locate Class Members, or potential Class Members, who were subject to a "returned envelope" Notice can be described as a "skip trace" procedure. The Class Member List was updated with any new addresses and names so determined. New Notices were then mailed to all newly identified, potential Class Members using the new addresses. As the Administrator's Declaration confirms, the reach of this Notice was extremely broad, and there

9

were only a minuscule number of undeliverable notices. Id.

### C. Final Approval of Attorney Fees and Administrative Costs and Class Representative Incentive Awards.

This issue is presented in other pleadings before the Court. *See* Plaintiff's forthcoming Motion for Attorney Fees, Litigation Costs, and Anticipated Administrative Costs from the Settlement Fund and Memorandum in Support Thereof. No Class Member objected to the proposed attorney's fees, litigation expenses, and incentive awards as stated in the Notice. For all reasons set forth herein, Class Counsel moves the Court to approve and award the requested attorney's fees, litigation costs and class representative incentive fees.

## II. Conclusion.

For the foregoing reasons, and pursuant to the findings recently set forth in *Wells v. Best Buy, Co.*, 997 F.3d 1077, ¶¶ 19-21 (10th Cir. May, 2021), the Class Representative, Helen Bhasker, respectfully requests the Court enter a Final Order and Judgment, which (1) grants final approval of the proposed Settlement as fair, adequate and reasonable; (2) approves the form, content, and manner of the Settlement Class Notice; (3) approves attorney's fees, litigation expenses, administrative fees and incentive award; (4) overrules or denies any objections that may arise to the proposed Settlement; and (5) grants any other relief the Court deems just and proper.

Respectfully submitted,

/s/ *Kedar Bhasker*
Kedar Bhasker
BHASKER LAW
2741 Indian School Rd. NE
Albuquerque, NM 87106
Phone: 505 407-2088
Fax: 505 709-3279
Kedar@bhaskerlaw.com

Corbin Hildebrandt
CORBIN HILDEBRANDT P.C.
2741 Indian School Rd. NE

Albuquerque, NM 87106
Phone: 505 998-6626
Fax: 505 336-7743
corbin@hildebrandtlawnm.com

Geoffrey Romero
LAW OFFICES OF GEOFFREY R. ROMERO
4801 All Saints Rd. NW Ste. A
Albuquerque, NM 87120
(505) 247-3338
geoff@geoffromerolaw.com

*Counsel for the Plaintiff*

11