# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HELEN BHASKER, on behalf of herself
and all others similarly situated,

        Plaintiff,

     vs.                                                                                   No. 1:17-cv-00260-KWR-JHR

FINANCIAL INDEMNITY COMPANY,

        Defendant.

## ORDER GRANTING UNOPPOSED MOTION FOR FEES AND COSTS

**THIS MATTER** comes before the Court upon Plaintiff's Unopposed Motion and Memorandum of Law in Support of Class Plaintiff's Petition for Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Award of Incentive Fee to Named Plaintiff **(Doc. 187)**. The Motion appears to be unopposed. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's Motion is **WELL-TAKEN** and, therefore, is **GRANTED.**

Plaintiff requests approval of (1) attorneys' fees, (2) costs, and (3) class representative incentive fees, to be paid by Defendant in the following amounts:

- $711,150 in attorneys' fees, inclusive of gross receipts tax;
- $53,500 in expenses or costs; and
- $25,000 in Class Representative incentive fee.

Defendant does not object. Moreover, the requested amount of attorneys' fees, costs, and Class representative fee was included in the Class Notice, and no class member objected.

**I.**        **The Court Approves Plaintiff's requested attorneys' fees.**

Generally, in calculating attorneys' fees in class actions, the Tenth Circuit applies the percentage-of-the-fund method, which awards class counsel a share of the benefit achieved for the class. *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017). District courts consider 12 factors - the *Johnson* factors - in determining the appropriate percentage. *Id.*, *citing Gottlieb v. Barry*, 43 F.3d 474, 482 & n.4 (10th Cir. 1994). Those factors include:

> [1] the time and labor required, [2] the novelty and difficulty of the question presented by the case, [3] the skill requisite to perform the legal service properly, [4] the preclusion of other employment by the attorneys due to acceptance of the case, [5] the customary fee, [6] whether the fee is fixed or contingent, [7] any time limitations imposed by the client or the circumstances, [8] the amount involved and the results obtained, [9] the experience, reputation and ability of the attorneys, [10] the "undesirability" of the case, [11] the nature and length of the professional relationship with the client, and [12] awards in similar cases.

*Id.*, *citing Gottlieb*, 43 F.3d at 482 n.4. This method is the preferred method in calculating attorneys' fees in class actions. *Chieftan Royalty Co.,* 888 F.3d at 458-59, *citing Gottlieb*, 43 F.3d at 483 ("In our circuit, following *Brown* [*v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir. 1988),] and *Uselton* [*v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849 (10th Cir. 1993) ], either method is permissible in common fund cases; however, *Uselton* implies a preference for the percentage of the fund method."). This approach "has been called a 'hybrid' approach, combining the percentage fee method with the specific factors traditionally used to calculate the lodestar." *Id.*

"In a diversity case, the matter of attorney's fees is a substantive legal issue and is therefore controlled by state law." *N. Tex. Prod. Credit Ass'n v. McCurtain Cty. Nat'l Bank*, 222 F.3d 800, 817 (10th Cir. 2000); *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 461 (10th Cir. 2017). New Mexico cases have cited to the *Johnson* factors and the Tenth Circuit's "hybrid" approach, and stated that it is within a district court's discretion to determine the method of computation of attorneys' fees. *In re N.M. Indirect Purchasers Microsoft*

*Corp.*, 2007-NMCA-007, ¶ 39, 140 N.M. 879, 896, 149 P.3d 976, 993 ("Because the district court is in a better position to assess the circumstances of each case, we join the majority of jurisdictions and hold that the choice of method is within the district court's discretion."). The Court, in its discretion, decides to apply the "hybrid approach" used by the Tenth Circuit, and will consider the above factors in determining the appropriate percentage to use in calculating the attorneys' fees.

Generally, cases in this district have awarded amounts varying between 20 to 40 percent. *See* Doc. 187. Here, Plaintiff requests attorneys' fees in the amount of 1/3rd the gross benefits provide to the class. Doc. 187 at 11. The Court finds this request is supported by the *Johnson* factors.

**Factor 1.**

The time and labor spent in this case supports the requested fee amount. Counsel has represented Plaintiff since 2015, and this class action was filed in 2017. Plaintiff's counsel has filed or defended multiple motions, including motions to dismiss, motions for summary judgment, and motions to certify class. Moreover, Plaintiff's counsel obtained discovery and took depositions. Plaintiffs' counsel participated in two mediations, one in 2018 and one in 2022. They participated in a certified question before the New Mexico Supreme Court. They also crafted class notice documents.

**Factor 2**.

The novelty and difficulty of the issues in this case supports the requested fee. Counsel in this case developed the novel theory that Defendant misrepresented the UIM coverages and how the offsets were applied. There is a heightened risk in cases where there is no roadmap and counsel's acceptance of risk supports an award of a substantial fee. *Stop & Shop Supermarket Co.*

*v. SmithKline Beecham Corp.*, 2005 WL 1213926 at *12 (E.D. Pa. May 19, 2005). This litigation has been difficult and complex, justifying the requested fee.

**Factors 3 and 9.**

The skill required to perform the legal services properly and the experience and skill of class counsel supports the fee request. Counsel are experienced and highly skilled New Mexico litigators, and have many years of experience in class action litigation. This factor heavily weighs in favor of the requested fee award. "The substantial and creative recovery obtained for the Class, short of trial, is just the sort of result the percentage-fee method was designed to reward. The skill and acumen of counsel have produced unprecedented benefits to the class." *Schwartz. v. TXU Corp.,* 2005 WL 3148350 at *31. Plaintiff's counsel also successfully argued and briefed the certified question of law in *Crutcher,* in which the New Mexico Supreme Court determined that minimum limits underinsured motorist coverage is misleading because it is likely that a person in her position would not benefit from underinsured motorist coverage even though the insurance carrier collected a premium for it. *Crutcher v. Lib. Mut. Ins.,* 2022-NMSC-001.

**Factor 4.**

The preclusion of employment in other cases also weighs in favor of the requested fee award. This case was time-intensive, and that time could have been spent on other matters.

**Factor 5**.

Counsel's requested fee is a customary fee in class action cases. The requested $711,150, inclusive of gross receipts tax, is one-third of the gross benefit to the class. "The customary fee to class counsel in a common fund settlement is approximately one-third of the economic benefit bestowed to the class." *Merit Energy,* 2009 WL 3378526 at *3. The fee in this case is paid by the Defendant, and the fee award does not reduce any benefits to the class.

**Factor 6.**

The fee in this case was contingent upon the outcome of the case.  Plaintiff's counsel worked for eight years without knowing the outcome of the case, while bearing expenses and costs.  This factor weighs in favor of the requested fee.

**Factor 7.**

The time limitations included following federal court scheduling orders and federal rules.

**Factor 8**.

Although Defendant does not admit liability, the result and settlement achieved in this case heavily supports the requested fee.  Where "the recovery [is] highly contingent and… the efforts of counsel were instrumental in realizing recovery on behalf of the class, the results obtained may be given greater weight." *Brown,* 838 F.2d at 456.

The results obtained in this case were excellent. The settlement agreement includes policies with an effective date of January 1, 2010 through February 8, 2023.  The value to the class is substantial.  Class members may opt for 25% of premiums or additional underinsured motorist coverage.  For example, there were two fatalities in the class, and their estates will receive an additional $125,000 each. 283 claims have been received so far, and claims can be submitted until September 12, 2023.  This factor heavily weighs in favor of the requested fee.

**Factor 10.**

The undesirability of the case also weighs in favor of the requested fee. Counsel have worked this case for many years without payment.  This case involved a novel issue, and that issue was certified twice to the New Mexico Supreme Court.

**Factor 11.**

The nature and length of the professional relationships is neutral.

**Factor 12**.

The final factor, awards in similar cases, supports the requested fee amount. Many class actions in this district receive fees in the amount of 30-40% of the gross settlement. *See* Doc. 187.

**Conclusion**

Considering all circumstances and weighing the relevant factors, the Court concludes that the requested attorneys' fees are reasonable and appropriate. Therefore, the Court awards $711,150 in attorneys' fees, inclusive of gross receipts tax.

## II.   Class Representative incentive fee is appropriate.

Plaintiff requests a class representative incentive fee of $25,000. "The purpose of incentive awards is to encourage people with significant claims to pursue actions on behalf of others similarly situated." *Tennille*, 2013 WL 6920449, at *14; *Droegmueller,* 2009 WL 961539, at *5 (incentive awards to class representatives 'reward individual efforts taken on behalf of the class.'). The class representative endured eight years of litigation. She was deposed for a day, responded to written discovery, consulted with counsel, and passed over settlement of her personal claims. She attended both mediations. The incentive fee is reasonable given all circumstances.

## III.   Expenses.

The parties agree the Court should award expenses in the amount of $53,500, which would be paid by Defendant from funds earmarked for the reimbursement of expenses. These expenses include filing fees, travel expenses, costs associated with discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion and Memorandum of Law in Support of Class Plaintiff's Petition for Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Award of Incentive Fee to Named Plaintiff **(Doc. 187)** is hereby **GRANTED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**