IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HELEN BHASKER,

                Plaintiff,

vs.                                      No. 1:17-cv-00260-KWR-JMR

FINANCIAL INDEMNITY COMPANY,

                Defendant.

**FINAL STIPULATED ORDER APPROVING SETTLEMENT
AND JUDGMENT OF DISMISSAL WITH PREJUDICE**

The Court preliminarily approved the Class Settlement in this case on February 8, 2023. Since that time, the Parties have completed the Notice process and now seek final approval of the Settlement Agreement ("Agreement"). Through a Motion For Final Approval of Class Settlement and Motion for Fees and Costs, they seek, among other things, that the Court: (1) grant final certification of the settlement Class; (2) approve the Agreement as fair, reasonable, and adequate; (3) rule that the Notice process was reasonable and the best practicable under the circumstances; and (4) grant Plaintiff's unopposed request for attorneys' fees, costs, and a Class Representative award. A hearing was held on the Motions on July 13, 2023. For the reasons stated below, the Motions are granted.

On July 13, 2023, the matter of the Court's final approval of the Agreement submitted on January 31, 2023 by the Motion for Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Setting Date for Settlement Fairness Hearing, came before the Court for consideration. Appearing on behalf of Plaintiff and the Settlement Class were Kedar

Bhasker, LAW OFFICE OF KEDAR BHASKER, LLC, 2741 Indian School Rd. NE, Albuquerque, NM, Corbin Hildebrandt, CORBIN HILDEBRANDT, P.C., 2741 Indian School Rd. NE, Albuquerque, NM 87106, and Geoffrey Romero, LAW OFFICE OF GEOFFREY ROMERO, 4801 All Saints Rd., Albuquerque, NM 87120 ("Class Counsel").  Appearing on behalf of Defendants were Alicia M. Santos, O'BRIEN & PADILLA, P.C., 6000 Indian School Road NE, Suite 200, Albuquerque, NM 87110 and Mark L. Hanover, DENTONS US LLP, 233 South Wacker Drive, Suite 5900, Chicago, Illinois 60606.

WHEREAS, the Named Plaintiff, Helen Bhasker, on behalf of herself and the proposed Settlement Class, and Defendant, Financial Indemnity Company, individually and on behalf of all affiliated entities, including, but not limited to, Financial Indemnity Company, Unitrin Auto and Home Insurance Company, Unitrin Safeguard Insurance Company Response Worldwide Insurance Company and Merastar Insurance Company (collectively, "Financial aka Kemper/Unitrin" or "Defendant," as defined in the Agreement), have executed and filed the Agreement with the Court on January 31, 2023; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference; and

WHEREAS, the Court, on February 8, 2023, entered the Order Re: Preliminary Approval of Settlement and Approval of Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order"), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, Helen Bhasker, was approved in the Preliminary Approval Order as the Class Representative; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on July 13, 2023, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Financial aka Kemper/Unitrin and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed; and

WHEREAS, a Final Settlement Hearing was held on July 13, 2023, at which all interested persons were given an opportunity to be heard, and all objections to the settlement, if any, were duly considered;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1. The Complaint filed in this Action alleges generally that Defendant sold "illusory" or misleading uninsured/underinsured motorists bodily injury ("UIM") coverage in New Mexico automobile insurance policies (the "Policies") by failing to explain the effect of an offset against UIM coverage of the tortfeasor's liability coverage pursuant to *Schmick v. State Farm Mutual Automobile Insurance Company*, 1985-NMSC-073, 103 N.M. 216, 704 P.2d 1092

2. As part of the Preliminary Approval Order, the Court certified the Settlement Class, for settlement purposes only, defined as follows:  All Persons (and their heirs, executors, administrators, successors and assigns) who, during the Class Period, were insured under New Mexico automobile insurance policies issued by Financial aka Kemper/Unitrin which included UIM coverage.  Excluded from the Class are:  all present or former officers and/or directors of Financial aka Kemper/Unitrin, Class Counsel and their resident relatives, the Judge in the Action

3

and her resident relatives, and Financial aka Kemper/Unitrin's counsel of record in the Action and their resident relatives.

3. The Court hereby affirms this definition of the Settlement Class for purposes of this Final Judgment.

4. For purposes of Settlement, the Named Plaintiff possesses standing and the proposed Settlement Class is adequately defined and ascertainable. The Settlement Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and, because it only includes insureds who also suffered redressable harm, it is not overbroad.

5. For purposes of Settlement, the Class is sufficiently numerous, there are questions of law and fact common to the Settlement Class (including whether Defendant's UIM coverage was illusory or misleading) and Plaintiff's claims are typical of the Settlement Class. In addition, both Plaintiff and Class Counsel are adequate representatives of the Settlement Class and have fairly and adequately protected and will continue to protect the interests of the Settlement Class. Thus, the requirements to certify a class prescribed by Fed. R. Civ. P. 23(a) are satisfied as to the Settlement Class for purposes of settlement.

6. For purposes of Settlement, the Settlement Class is certifiable under Rule 23(b)(3) because common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue.

7. The Named Plaintiff and Financial aka Kemper/Unitrin have entered into the Agreement which has been filed with the Court. The Agreement provides for the Settlement of this Action with Financial aka Kemper/Unitrin on behalf of the Named Plaintiff and the Settlement Class Members, subject to approval by the Court of its terms. The Court scheduled a

hearing to consider the approval of the Settlement and directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

8.    In accordance with the terms of the Settlement and the Preliminary Approval Order, the Parties implemented the Notice Plan approved by the Court.  Financial aka Kemper/Unitrin's counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

9.    The Court hereby finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

10.   The Named Plaintiff and Financial aka Kemper/Unitrin have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment.  Pursuant to the Class Notice, a hearing was held before this Court, on July 13, 2023, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

11.   The Court hereby finds that approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

12.   The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto, and is fair, reasonable, and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED THAT:

13.     The Court possesses jurisdiction over the subject matter of this Action, the Named Plaintiff, the Settlement Class Members, Financial aka Kemper/Unitrin, and the Released Persons.

14.     Two Settlement Class Member has filed a request for exclusion.  All remaining Settlement Class Members are therefore bound by this Final Judgment and by the Agreement and the Settlement embodied therein, including the Releases.  There have been no objections to the Settlement.

15.     All provisions and terms of the Settlement are hereby found to be fair, reasonable and adequate as to the Settlement Class Members and the Named Plaintiff, are in compliance with due process and federal and New Mexico law, and all provisions and terms of the Settlement are hereby finally approved in all respects.

16.     The Parties are hereby directed to consummate the Settlement in accordance with all its terms.

17.     The Class Claims in this Action, as well as the Action itself, are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class and their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

18.     As of the Effective Date, by operation of the entry of the Final Judgment, the Releasing Parties shall be deemed to have fully released, waived, relinquished and discharged, to

the fullest extent permitted by law, all Released Claims that the Releasing Parties may have against all the Released Persons.

19. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, allegations, actions, suits or causes of action of whatever kind or nature, whether ex contractu or ex delicto, debts, liens, liabilities, agreements, interests, penalties, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential or treble) statutory, common law or equitable, including but not limited to claims for negligence, violations of the New Mexico Unfair Trade Practices Act, violations of the New Mexico Unfair Insurance Practices Act, breach of contract, breach of the covenant of good faith and fair dealing, bad faith or extra-contractual claims, injunctive and declaratory relief, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to Financial aka Kemper/Unitrin's alleged failure to advise New Mexico insureds of the potential effect of the offset of a tortfeasor's liability coverage against a Settlement Class Member's UIM coverage during the Class Period under an automobile insurance policy issued by Financial aka Kemper/Unitrin based on any legal theory whatsoever to the fullest extent of the law and res judicata and/or claim preclusion protections.

20. "Released Persons" means Financial aka Kemper/Unitrin, as defined in the Agreement, and any of its past, present or future officers, stockholders, attorneys, insurers, reinsurers, excess insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, divisions, or legal representatives thereof.

21. "Releasing Parties" means the Named Plaintiff and the Settlement Class Members who do not otherwise timely opt-out of the Settlement Class, and their heirs, predecessors, successors, assigns, family members, personal representatives, attorneys, officers, stockholders,

shareholders, principals, owners, agents, fiduciaries, spouses, children, dependents, parents, creditors, judgment creditors, representatives, employees, employers, executors, administrators, conservators, receivers, subrogees, trusts, trustees, members, servants, independent contractors, lessors, lessees, executors, administrators, insurers, reinsurers, underwriters, directors and/or past, present and/or future parent, subsidiaries and/or affiliated corporations, partnerships and/or other entities, and on behalf of any other Person or entity who or which could or might assert any claim under or through any of the foregoing.

22. "Unknown Claims" means claims arising out of new facts or facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Agreement, as to any of the Released Claims.

23. It is hereby determined that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances to all members of the Settlement Class and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

24. Within 30 days after all Financial aka Kemper/Unitrin's obligations under this Settlement are effectuated, Class Counsel and/or other attorneys for the Named Plaintiff in this Action, or any Settlement Class Member or their counsel, shall destroy all Proprietary Information provided by Financial aka Kemper/Unitrin to Class Counsel or anyone they employed or retained in this Action, either in discovery or in connection with this Agreement. Class Counsel shall deliver a letter to Financial aka Kemper/Unitrin's counsel certifying their compliance with this Paragraph. Further, neither Class Counsel, nor anyone employed with,

retained by, or otherwise associated with Class Counsel, nor any other attorney or Person who shall have access to this information, shall use any of this Proprietary Information in any other litigation or proceeding, current or future, or for any other purpose whatsoever.

25. The Agreement, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Financial aka Kemper/Unitrin, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Financial aka Kemper/Unitrin. The Agreement and Settlement are not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Persons, except in any proceedings brought to enforce the Agreement or the Final Judgment or otherwise with the written consent of Financial aka Kemper/Unitrin at its sole discretion; however, Financial aka Kemper/Unitrin may use the Agreement or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion relating to the Released Claims set out in the Agreement.

26. Only to the extent that it is otherwise not violative of any applicable rules governing the practice of law, Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of any Opt Out or any other person seeking to litigate with any of the Released Persons over any of the Released

Claims or to represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their respective firms shall not (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt Out or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

27. The Court has considered the request for a Class Representative award, and hereby approves and awards the Named Plaintiff an amount of $25,000, to be paid by Financial aka Kemper/Unitrin.

28. The Court has considered Class Counsel's request for an Attorneys' Fees award for the prosecution of this action, and hereby makes an Attorneys' Fees and costs award in the amount of $ 764,650 to be paid by Financial aka Kemper/Unitrin.

29. This Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among Financial aka Kemper/Unitrin on the one hand, and the Named Plaintiff, Class Representative and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

30. The Clerk of this Court is directed to enter a judgment of dismissal and close this case.

31. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing this Final Judgment, the Agreement and the Settlement;

B. Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

C. Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED.**

**DATED: JULY 13, 2023.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

**SUBMITTED BY:**

/s/ *Kedar Bhasker*
Kedar Bhasker
BHASKER LAW
2741 Indian School Rd. NE
Albuquerque, NM 87106
Phone: 505 407-2088
Fax: 505 709-3279
Kedar@bhaskerlaw.com

Corbin Hildebrandt
CORBIN HILDEBRANDT P.C.
2741 Indian School Rd. NE
Albuquerque, NM 87106
Phone: 505 998-6626
Fax: 505 336-7743
corbin@hildebrandtlawnm.com

Geoffrey Romero
LAW OFFICES OF GEOFFREY R. ROMERO
4801 All Saints Rd. NW Ste. A
Albuquerque, NM 87120
(505) 247-3338
geoff@geoffromerolaw.com

*Counsel for the Plaintiff*

**APPROVED AS TO FORM BY:**

By:/s/ *Steven Levy*
Steven Levy
Mark L. Hanover (*pro hac vice*)
DENTONS US LLP
233 South Wacker Dr., Suite 5900
Chicago, IL 60606
(312) 876-3145
Mark.hanover@dentons.com

Alicia M. Santos
O'BRIEN & PADILLA, P.C.
6000 Indian School Rd. NE, Suite 200
Albuquerque, NM 87110
(505) 883-8181
asantos@obrienlawoffice.com

*Attorneys for Financial aka Kemper/Unitrin*